WHITESIDE and others, adm'rs, &c. *vs.* PRENDERGAST.

Where the bond given by a receiver, upon his appointment, is not filed in the proper office, through inadvertence, the court may direct it to be filed *nunc pro tunc.*

The discontinuance of a suit does not discharge a receiver appointed therein. But it will entitle him to apply for his discharge, and to have his account passed, so that he may pay over the balance, if any in his hands, and exonerate himself and his sureties from further liability; unless the interests of the defendants require that he should continue in the receivership, to protect their rights.

Where the protection of the rights of a defendant requires the continuance of the receiver, the court will not grant a discharge, although the suit is at an end. But it will require the defendant thus protected to file a bill forthwith, to settle his rights.

The complainant in a suit is a necessary party to an appeal from an order, of a vice chancellor, granting leave to file the bond of the receiver in such suit *nunc pro tunc.*

THIS was an appeal, from an order of the late vice chancellor of the eighth circuit, directing the bond of the receiver appointed in this cause to be filed *nunc pro tunc.* The suit was brought by the representatives of a deceased partner, against a surviving copartner, for an account and settlement of the copartnership transactions. And an order was made, in February, 1836, appointing J. Brooks receiver of the partnership effects connected with the store at Mayville; upon his filing a bond, with such sureties as should be approved of by the parties in this suit, or by a master, conditioned for the faithful performance of the duties of his office as such receiver. A bond was thereupon executed by the receiver, and by the other appellants as his sureties. And it was delivered to the solicitor of the complainants to be filed, after having been approved of by the parties; but, through inadvertence, it was not filed with the clerk of the court. The receiver, however, demanded and received from the defendant, the property, books, and securities of the firm at Mayville, as directed by the order of the court. The parties afterwards referred the matter in controversy in this suit to referees; and, by consent, a decree was made, pursuant to the award of the arbitrators, directing the partnership effects to be divided equally between the complainants and the defendant.

Whiteside *v.* Prendergast.

The vice chancellor directed the bond of the receiver to be filed as of the 25th of March, 1836, the day on which it would have been received by the clerk if it had been transmitted to him by mail on the day it was approved of by the parties and delivered to the complainants' solicitor to be filed; and that it should have the same effect as if it had actually been filed on the last mentioned day. The receiver and his sureties, having had notice of the application for the order to file the bond nunc pro tunc, appeared and opposed the motion. And they all joined in an appeal from the order, directing such filing, and gave notice of the appeal to the clerk of the court, and to the solicitor of the defendant, who applied for the order; but they neglected to take the necessary steps to make the appeal effectual as to the complainants in the suit.

*C. Stevens*, for the appellants.

*M. T. Reynolds*, for the defendant.

THE CHANCELLOR. It was no valid objection to the application that the parties in the suit had submitted the matters in controversy between them to an arbitration without the consent of the receiver. For that did not alter, or affect, his liability to account, as receiver, for the property which had come to his hands. Even if there had been a formal discontinuance of the suit, that would not have discharged him from his trust, as an officer of the court. The discontinuance of a suit does not discharge a receiver appointed therein. But it will entitle him to apply for his discharge, and to pass his account, so that he may pay over the balance, if any, in his hands, and exonerate himself and his sureties from further liability; unless the interests of the defendants require that he should continue in the receivership to protect their rights. If the protection of the rights of a defendant requires the continuance of the receiver, the court will not grant a discharge although the suit is at an end; but it will require the defendant thus protected to file a

bill forthwith, to settle his rights. (*Murrough* v. *French,* 2 *Moll. Rep.* 497. *Lougan* v. *Bowen,* 1 *Sch. & Lef.* 296.)

This appears to be a proper case therefore to direct the bond to be filed nunc pro tunc, so as to complete the appointment of the receiver, and to render him liable to account, as an officer of the court, for the property which came to his hands subsequent to the time when his bond should have been filed. Whether it will have the effect to render his sureties liable for property which had been wasted, by his negligence or misconduct, before the making of the order appealed from, is a question which does not properly arise here, and upon which it is not necessary to express an opinion. That question will properly be disposed of in the suit at law upon the bond, if it should become necessary to institute such a suit.

The appeal also seems to be defective for want of proper parties. It appears that the complainants in the suit have a common interest with the defendant in sustaining the order to file the bond nunc pro tunc. They should therefore have been served with notice of the appeal, and should also have been named in the appeal bond; or a separate bond should have been given to them upon the appeal. For that reason, instead of affirming the order of the vice chancellor, the appeal should be dismissed, with costs to be taxed.