## CORSER *v.* RUSSELL.

*N. Y. Supreme Court, First Department, General Term ; May,* 1887.

1. *Action for loss of trunk delivered to receivers of railway.*] In an action for the loss of plaintiff's trunk and contents by fire while in the custody, as alleged, of defendants as receivers of a railway company, whose road they were alleged to be operating under an order of court, it is competent to show that prior to the actual loss, the receiver's powers, title and possession had been duly terminated.

2. *Contract with receiver.*] A contract with a receiver is subject to the power of the court over him; and after he has been discharged, though without notice to the contracting party, he is not liable to an action on the contract.*

3. *Evidence.*] For this purpose evidence that a referee, appointed by the court, had by deed conveyed to other persons all the defendant's rights as receivers, and all the property held for or in connection with the operation of the railway, and all rights relating

---

* Compare Woodruff *v.* Jewett, 37 *Hun,* 205. See also cases cited in note to last case.

As to effect of an order of court for sale by receiver, Boon *v.* Moss, 70 *N. Y.* 465.

thereto,—is competent in connection with a sufficient lapse of time to allow the inference of delivery of possession accordingly.

4. *The same; defense not pleaded.*] Although such defense is not set up in the answer, it is error to exclude evidence thereof as against an objection to its competency generally, as the objection that it was not pleaded if made at the trial, might have been met by an amendment.*

Appeal by the defendants from a judgment entered upon a verdict, and from an order denying a new trial.

Susan E. Corser brought this action against Horace Russell and Theodore Houston, as receivers of the New York, West Shore and Buffalo Railway Company to recover damages for the loss of a trunk and contents which were alleged to have been delivered by her as a passenger upon the railway to the defendants, as receivers, for safe-keeping. The receivers were appointed by the court June 9, 1884; the trunk was delivered to them November 25, 1885; and the station where the trunk was stored by defendants, was destroyed by fire January 24, 1886.

The answer, among other things, denied that the defendants " now are or have been at any time since the 5th of December, 1885, engaged in operating or using the said " railway, " or any property thereof or connected therewith."

The further material facts appear in the opinion.

*Ashbel Green*, for the defendants, appellants.

*M. L. Marks*, for the plaintiff, respondent.

BRADY, J.—This action was brought to recover damages sustained by the destruction of the plaintiff's trunk and contents by fire while in the custody, as alleged, of the defendants as receivers. It was not set up as a defense that prior to the fire they had been deposed or ceased to be receivers, but on the trial they offered to prove that Abram S. Cassidy, as referee appointed by this court, by deed executed December 5, 1885, conveyed to J. Pierpont Mor-

---

* See note to Cary *v.* Western Union Tel. Co., p. 833 of this vol.

Corser *v.* Russell.

gan and others, all the right of the defendants as receivers, and all property, real, personal, and mixed, held for or in connection with the construction, operation and maintenance of the New York, West Shore and Buffalo Railway, and all rights connected with or relating to the same, or the uses or purposes thereof, but it was objected to as incompetent, and the objection having been sustained the defendants duly excepted. This ruling the plaintiff seeks to sustain by contending that there was no evidence that the defendants ceased to be officers of the court.

The object of the offer was to show that they had virtually ceased to be, and that they had no rights as receivers from the date mentioned, such rights and the body of the trust out of which they sprung having been transferred by a legal process. The testimony was clearly competent inasmuch as the fire did not occur until January, 1886, and not being in charge, they could not be held liable for the loss assessed.

It is not for the plaintiff now to say that the defense, which this proof was designed to establish, was not set up in the answer. If that objection had been taken, an application to amend might have removed the obstacle. The objection was to the competency of the proof generally and not otherwise. The production of the deed was sufficient *prima facie* to show the commencement of proceedings, ending in its execution, and it could have been followed up by proof of the necessary proceedings, if requested, to show the appointment of the referee and the proper performance of his duties as such. This must be the presumption.

Receivers are officers of the court and entitled to protection. The property in their hands is *in custodia legis*, and their possession is the possession of the court (3 *Wood's Railway Law*, 1658; *High on Receivers*, § 134). There are various methods by which they can be divested of their position by the action of the court of which they are an arm, and when any one of these methods is adopted the trust ceases and all rights and powers depart. There is,

Corser *v.* Russell.

therefore, no principle on which they can be held liable for any losses occurring after the possession has thus been changed or surrendered. It may be that receivers who continue after the order deposing them, and until their successors are sworn in, can be held responsible for acts done *ad interim ;* but this case presents no such element. There is, indeed, evidence to warrant the suggestion that when the fire took place, the plaintiff's property was in the custody of the New York Central and Hudson River Railroad Company, and it is a contention on behalf of the defendants that from the 5th of December, 1885, to the time of the fire, the plaintiff's trunk had been in the keeping of that company as warehouseman.

The judgment for these reasons is erroneous, and must be reversed and a new trial ordered, with costs to abide the event.

PER CURIAM.—It seems necessary to add to the opinion of Mr. Justice BRADY for the decision of this appeal, that the contract of the defendants with the plaintiff for the storage of her baggage, was made by them in their capacity as receivers, and subject necessarily to the contingency always present, that their powers and offices as such might at any time be terminated by the court, whose officers they were and without notice to her. And such termination of their offices would of course end their obligations to her as the bailees of her property. After that the succeeding bailees, and not these receivers, would be accountable to her, if any person would be, for the safe custody or loss of her property. This result follows from the fact that the contract was with them as receivers, and not as individuals.

In their offer of proof they proposed to show that on the 5th of December, 1885, a referee appointed by the court had conveyed to J. Pierpont Morgan and others, all property, real, personal and mixed, held for, or, in connection with the construction, operation and maintenance of, the railway company, and all rights connected with it, or the uses

and purposes thereof, and offered such deed in evidence. This offer was very broad, and if it had been allowed to be proven, the fact would have appeared that the receivers had at that date been completely divested of all their proprietary rights, and services of operation and maintenance of the railway property and the uses thereof. And from such proof it might be well argued that as the right had passed so completely with the conveyance, the fact of possession had also accompanied it. The title itself would take with it the right of possession, and it would not be an unreasonable inference, to presume from that fact, as the jury might very well have done, that the grantees in the conveyance entered upon the possession of the property and interests conveyed. And this inference of possession is very decidedly advanced by the circumstance that the destruction of the baggage by fire did not occur until the twenty-fourth of the next month. Before that date there was very ample time for the grantees to assume and take the possession of the railway, and all of the company's property. It was a most natural event to follow the conveyance. And as it was made under the authority of the court, a delivery and assumption of possession, in the ordinary course of probabilities, also became a duty. If the proof had been received it might very well have changed the result of the trial. And the exception to the decision rejecting it, is well founded.

The judgment will be reversed and a new trial ordered, with costs to abide the event.