SEARS *et al. v.* METROPOLITAN EL. RY. CO. *et al.* ·

*(Superior Court of New York City, General Term.* April 6, 1891.)

PARTITION—DECREE—ESTATE CONVEYED.

By a will, a share in testator's real estate was given to a trustee for plaintiffs' mother during her life, plaintiffs to take the remainder in fee at her death. Such share was set off in partition, in which all persons having interests in the estate were parties. *Held,* that such parties, who received, by the partition, in lieu of their undivided interests, the whole of the fee of the land other than that part of it conveyed to the trustee for plaintiffs' mother, could not thereafter claim any interest in that part of the land; and that, on the death of their mother, plaintiffs had a valid title thereto.

Appeal from special term.

Action by David Sears, Henry F. Sears, and Emily E. Sears against the Metropolitan Elevated Railway Company and the Manhattan Railway Company. Defendants appeal from a judgment for plaintiffs entered on trial by the court without a jury.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Davies & Rapallo,* (*Edward C. James,* of counsel,) for appellants. *G. Willett Van Nest,* for respondents.

PER CURIAM. It is claimed by the learned counsel for the appellants that the plaintiffs did not show title to the land appurtenant easements to which have been taken as the complaint charges. The supposed defects in the title, as claimed, arise from the non-compliance with certain of the provisions of the will of one Hoyt, from whom the title comes. If the land is a part of a share described in the will, which was to be set off to the trustee for the mother of the present plaintiffs for her life, then under the will the plaintiffs took the remainder in fee at her death. This setting off was accomplished by the partition suit, to which all persons who could question plaintiffs' title to the land were parties. These parties having received, in lieu of undivided interests, the whole of the fee of the other parcel of land, cannot claim that they have an undivided interest in the land conveyed by the referee to Hoyt, as trustee for plaintiffs' mother. The mother having died, the legal estate of the trustee then ceased. The defendants have not a right to a jury trial in this case, as the action is for equitable relief. "When a plaintiff brings an action for both legal and equitable relief, in respect of the same cause of action, the case presented is not one of right, triable by jury under the constitution." *Cogswell* v. *Railroad Co.,* 105 N. Y. 319, 11 N. E. Rep. 518. Judgment affirmed, with costs. All concur.