Freedman, J.
—The judgment appealed from restrains the defendants from maintaining or operating their elevated railroad in front of plaintiff’s premises, Nos. 148, 150, 152 and 154 East Forty-second street, unless within a time fixed by the judgment they produce proof satisfactory to the court that they caused the plaintiff’s easements appurtenant to said property to be condemned and acquired according to law prior to the date of the judgment. The judgment also awards past damages with respect to said property. It is now claimed that the trial judge erred in granting injunctive relief as to said property and in retaining jurisdiction ■of that cause of action for any purpose ; because it was proved at the trial that the defendants had instituted condemnation proceedings, had procured the appointment of commissioners, had the value of plaintiff’s easements appraised, and had paid the award, and that the plaintiff had accepted the amount and waived all right of appeal. This claim is untenable for the following rea *382 sons: Prior to the trial the defendants had moved at special term for leave to serve a supplemental answer setting up these facts and the motion had been denied. The issues had, therefore, to be determined upon the pleadings as they originally stood. At the time of the commencement of the suit the plaintiff had the right to injunctive relief and the court had jurisdiction to grant it, and, as incidental to the right to equitable relief, the plaintiff had the right to recover his past damages. Under these circumstances the right of the plaintiff to recover his past damages could not be defeated by proof that during the pendency of the action the defendants had in part satisfied plaintiff’s claim. The defendants had no right in such a case to have the question of past damages tried by a jury, Sears v. Metrop. El. R. Co., 13 N. Y. Supp., 886; 38 N. Y. State Rep., 353, and Bergman v. Manhattan R. Co., 14 id., 384; 39 N. Y. State Rep., 150.
Moreover, under the judgment as given, the defendants are perfectly protected. In framing it the court gave full "effect to the facts as they existed at the time. Instead of adopting the usual course of fixing the fee value of the easements taken and decreeing an injunction unless such sum was paid within a certain time, the court did not fix the fee value, and gave to the defendants the privilege of avoiding the injunction by producing to the court within thirty days proof that the easements were acquired at some time between the beginning of the action and the date of the judgment. I fail to perceive what more the defendants can ask.
As to the award for past damages on account of the Forty-second street property, the record discloses no error which calls for reversal, nor can it be held that the amount is excessive.
The judgment also restrains the defendants from maintaining or operating their elevated railroad in front of plaintiff’s premises, Ros. 1322, 1324 and 1326 Third avenue, unless within a time fixed by the judgment the defendants pay to the plaintiff the sum of $11,000 as the value of so much of the easements in Third avenue appurtenant to said premises as has been taken by the defendants for the purposes of their railroad, and finally the judgment awards to the plaintiff $5,000 damages with respect to the Third avenue property, besides costs.
Upon this branch of the case it may be said generally that no error was committed in the admission of evidence or in the findings or refusals to find which, under the decisions in this class of cases, constitutes grounds for reversal.
The amounts awarded for past and permanent damages are well supported by the evidence adduced on the part of the plaintiff. The "testimony given on behalf of the defense created a sharp conflict, and in the determination of that conflict a good deal depended on the credit given to the witnesses for the respective parties.
Upon the whole case I do not see how these amounts, or either of them, can be disturbed as excessive without a violation of settled principles of law.
The judgment should be affirmed, with costs.
Dugro and G-ildersleeve, JJ., concur.