(3 Misc. Rep. 53.)

VAN ALLEN v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. March 13, 1893.)

EQUITY—RIGHT TO RELIEF—MATTERS HAPPENING PENDENTE LITE.

Where plaintiff, in an action for damages and to restrain the operation of an elevated railroad in front of his premises, conveys the premises pendente lite, he does not thereby lose his right of action, but the court will award compensation in damages,—the only relief then available.

Appeal from judgment on report of referee.

Action by George W. Van Allen against the New York Elevated Railroad Company and the Manhattan Railway Company to recover damages caused by the construction and operation of defendants' elevated railroad in front of the plaintiff's premises, No. 242 East Thirty-Fourth street, and for an injunction to restrain the further maintenance and operation of the said road. Issue was joined in the action on November 2, 1889, the property was conveyed by plaintiff on December 15, 1890, and on February 10, 1891, a reference was stipulated for by the parties. Defendants subsequently moved to vacate the order of reference, and then to dismiss the complaint, on the ground that plaintiff had conveyed the property, and so lost his right to injunctive relief, and for the further reason that he had a sufficient remedy at law. The motions were denied, and judgment entered awarding damages to plaintiff. Defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Davies & Rapallo, (Julien T. Davies, Brainard Tolles, and R. L. Maynard, of counsel,) for appellants.

Wolff & Hodge, (J. Aspinwall Hodge, Jr., and Robert Sewell, of counsel,) for respondent.

PRYOR, J., (orally.) The precise point now presented has not appeared in any other case. Hitherto the question was whether, when a party sues in equity, upon equitable grounds alone, claiming equitable relief only, and failing to establish that he ever had any title to equitable relief, he might still proceed as in an action at law, and recover a money judgment for damages. The decision both of this court and of the court of appeals was against such a contention. Here it appears that, when the action was instituted, the plaintiff had a valid claim to equitable relief, (the referee so finds;) and the question is, shall he be turned out of court for matter happening pendente lite, or will the court, its jurisdiction having attached, go on to award compensation in damages,—the only relief now available? We understand the rule to be that jurisdiction once acquired by a court of equity is not afterwards lost, but the court will proceed to administer whatever relief is open to the party. The analogy of this case to a suit for specific performance is perfect, and controls our decision. It is the unanimous opinion of the court that the judgment should be affirmed. All concur.