JOHN E. DOMSCHKE, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Appellants.

*Waiver of the objection that a fact sought to be proved should have been pleaded — amendment— injunction — equitable relief — effect of the plaintiff's ceasing to be entitled thereto subsequently to the commencement of the action — damages recoverable.*

Where proof is offered on the trial of an action of a fact which should have been pleaded, the party against whom it is offered waives the right to have it rejected, unless the evidence is objected to on the ground that the fact is not pleaded.

The rule requiring amendments to pleadings is not so stringent where the act sought to be established is the voluntary act of the party against whom it is offered to be proved, as where the fact sought to be established has occurred without his agency.

In an action brought to recover damages caused to real estate belonging to the plaintiff, by the construction and operation of the defendant's elevated railroad, and for an injunction restraining its future operation, the plaintiff obtained a judgment for $611.49, which judgment also contained a direction that the defendant pay the plaintiff $1,000 for the right to maintain and operate such road in the future. Before the case was decided the plaintiff conveyed the fee of the premises in question by warranty deed, reserving to himself any right of action which he had or might have against the elevated railroad company, by reason of its structure in front of said premises, up to the date of the conveyance but not reserving to the grantor the right to convey any easement in or to said premises.

*Held,* that having parted with his title and all right to the damages to the fee, he was not entitled to an injunction, but simply to the $611.49 damages.

When upon the commencement of an action the plaintiff had a good claim for equitable relief, the fact that since then he has ceased to be entitled to such relief is not a sufficient ground for dismissing the action, and it should be retained for the purpose of assessing such damages at law as he is entitled to.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 4th day of May, 1893, upon the report of a referee.

From May 1, 1884, to January 16, 1893, the plaintiff was the owner in fee of Nos. 1166 and 1168 Second avenue, between Sixty-first and Sixty-second streets. In 1879 the Metropolitan Elevated Railway Company began, and in 1880 completed, an elevated railroad in said avenue, which the Manhattan Elevated Railway Company has since its completion operated under a lease from the first-mentioned corporation.

April 20, 1890, this action was begun to recover the damages, alleged to be $3,000, caused to the premises by the construction and operation of the road, and for an injunction restraining its future operation. The referee awarded $611.49 as damages to the property arising from the operation of the road between the date when the plaintiff acquired title and January 26, 1893, the date of the conclusion of the trial of this action, and directed that a judgment be entered therefor, and also that the defendants be restrained from further operating the road unless they, within ninety days after the notice of the entry of the judgment, pay to the plaintiff $1,000, with interest from January 26, 1893, for the right to maintain and operate the road in the future, provided the plaintiff and all persons interested in the premises execute to the defendants a grant of the right to maintain and operate the road.

May 3, 1893, a judgment was rendered on this report, from which the defendants have appealed.

*Howard Mc William,* for the appellants.

*Henry G. Atwater,* for the respondent.

FOLLETT, J.:

On the 16th of January, 1893, and before the case was decided, the plaintiff conveyed the fee of the premises to Max Frankenheim

by a warranty deed, which contains the following clause: "The party of the first part, however, reserves any right of action which he has, or may have, against the Elevated Railroad by reason of its structure in front of the above-described premises, up to the date hereof ; but this shall not be construed as in any manner giving the party of the first part the right to convey any easement in or to said premises."

February 7, 1893, the defendants learned of the conveyance, and on the ninth of that month they moved that the case be opened, and that they have leave to introduce the deed in evidence. The referee granted the motion, "with the limitation, however, that said deed shall be admitted as evidence only so far as it tends to show the value of said premises at the date of its delivery, and for no other purpose and with no other effect whatsoever. Plaintiff may introduce evidence in explanation or rebuttal." Thereupon the deed was received in evidence, subject to said limitation, and the defendants "excepted to the refusal to admit the deed as evidence of the conveyance of title from the plaintiff."

The plaintiff insists that the deed was not admissible in evidence to defeat his demand for injunctive relief because the conveyance was not set up in a supplemental answer. A perfect answer to this position is that no such objection was taken when the deed was offered in evidence. (*Corser* v. *Russell*, 20 Abb. N. C. 316 ; 9 N. Y. St. Repr. 56.)

In *Gray* v. *Barton* (55 N. Y. 68) it was proved that the plaintiff had given to the defendant the demand on which the action was brought. On appeal the point was raised that this fact was not pleaded. The court said : "The counsel for the respondent insists that the defendant cannot avail himself of the latter for the reason that it was not set up in the answer, but no such objection was raised upon the trial. Had it then been taken it might have been obviated by procuring an amendment if necessary. Omitting to make it upon trial was a waiver."

A memorandum of the decision of the Supreme Court (1 Alb. L. J. 122) shows that the gift was made before the action was begun. But the language quoted expresses the general rule that in case a relevant fact is offered to be proved which should have been pleaded, the party against whom it is offered waives this point unless the

admissibility of the fact is objected to on the ground that it is not pleaded. Besides, this conveyance was the voluntary act of the plaintiff, and the rule requiring amendments in such cases is not as stringent as when the fact has occurred without the agency of the party against whom it is offered.

The plaintiff having parted with his title and all right to the damages to the fee was not entitled to relief by injunction. In his conveyance it is expressly provided that he has no right to convey the street easements, and a deed or release from him would afford no protection to the defendants against the claims of his grantee, or of his successor in interest.

The defendants insist that this being an equitable action, and the plaintiff having voluntarily divested himself of all right to equitable relief, that the action should have been dismissed, and that the referee erred in awarding past damages. This precise question was decided against the defendants in *Van Allen* v. *The New York Elevated Railroad Company* (3 Misc. Rep. 53), and substantially the same question was decided in *Renwick* v. *The New York Elevated Railroad Company* (27 J. & S. 591; 39 N. Y. St. Repr. 381).

In this State legal and equitable relief are administered by the same court, and when the action was begun the plaintiff had a good cause of action for equitable relief, and the fact that since that he has ceased to be entitled to such relief is not a sufficient ground for dismissing the action, and it should be retained for the purpose of assessing such damages as he is entitled to.

We find no erroneous rulings in the reception or rejection of evidence, or in the findings or refusals to find relating to the question of past damages, and we think the judgment should be modified by striking therefrom the second and third divisions thereof, and, as so modified, affirmed, with costs in this court to the appellants and against the respondent.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment modified as directed in opinion, and, as modified, affirmed, with costs in this court to the appellants and against the respondent.