(7 Misc. Rep. 374.)

SMITH v. INGERSOLL-SERGEANT ROCK-DRILL CO.

(Common Pleas of New York City and County, Equity Term. February, 1894.)

1. NUISANCE—ACTION FOR INJUNCTION—PLEADING AND PROOF.
    An allegation that, by the negligent operation of a steam hammer on defendant's premises, the use of plaintiff's premises adjoining was interfered with, does not necessarily render the action one for negligence; so that proof that the injury to plaintiff's premises arose from the operation of a steam hammer of such excessive size as to render destruction of plain-

tiff's premises for the use and occupancy inevitable did not involve the substitution of a different cause of action for the one alleged.

**2.** SAME—INTERFERENCE WITH USE OF PROPERTY.
　　The operation of a steam hammer of such size as to interfere with the use of the adjoining premises is a nuisance which will be enjoined.

**3.** EQUITY—JURISDICTION—CESSATION OF EQUITABLE RIGHT.
　　Where the right of equitable relief ceases after the action is brought, the court does not thereby lose jurisdiction, but it may retain the action and award damages.

Action by James B. Smith against the Ingersoll-Sergeant Rock-Drill Company to restrain defendant's use upon its premises of a steam hammer of excessive size, from the operation of which plaintiff's adjoining building was rendered unfit for the purposes of trade and manufacture, to which it had been devoted, and for damages for alleged injuries to plaintiff's building, and the machinery therein, from the past operation of the hammer. Judgment for plaintiff.

Miller & Miller, for plaintiff.
William L. Turner, for defendant.

BISCHOFF, J. It is equally a nuisance whether the resultant injury to, or interference with, the beneficial enjoyment of the premises of one person arises from the negligent use of another's adjoining premises for an authorized purpose, or from the cautious use of the last-mentioned premises for an unauthorized purpose. That the complaint alleged the nuisance complained of to be due to the negligent operation of a steam hammer upon the defendant's premises did not, therefore, necessarily render this action one for negligence. Hence, proof that the injury to and interference with plaintiff's premises arose from defendant's use of a steam hammer so ponderous and of such excessive size as to render destruction of plaintiff's premises for use and occupancy inevitable did not involve the substitution of a different cause of action for the one alleged. There was, at most, a variance between the allegations of the complaint and the proof, not sufficient, however, to render the allegations unproved in their "entire scope and meaning," (Code Civ. Proc. § 541,) and, as defendant did not claim to have been misled, the variance may be disregarded as immaterial, (section 539.) I am of the opinion that the plaintiff, by a fair preponderance of all the evidence, has established the fact that the steam hammer in operation in defendant's premises was of such a size and capacity as to unfit it for use therein without necessarily rendering plaintiff's adjoining premises unfit for the purposes of business and manufacture, or unfit for occupancy without risk to life or limb; or, in other words, that the accommodations which defendant's premises afforded, or could afford, were grossly inadequate to the operation of the steam hammer with safety to the occupants of plaintiff's premises. The further operation of the steam hammer, therefore, threatened the future safe occupancy of plaintiff's premises and their use for trade and manufacture, to which they had been devoted; and in this respect the present case is to

be distinguished from those cases wherein it has been held that private inconveniences and discomforts are not to be corrected at the risk of a prevention of the expanse of trade and manufacture, and that the former must be suffered to encourage the latter.   Furthermore, this case differs from the cases referred to, in that plaintiff's premises also were devoted to trade and manufacture; and the same principle cannot, therefore, be applied without asserting, by implication at least, that there is a difference in the degree of consideration with which public policy regards the several kinds of trade or manufacture,—an assertion which, it seems to me, would carry the doctrine of public policy to an unauthorized extent.   Upon the broad ground, therefore, that one must so use his own premises as not to injure his neighbor's,—"Sic utere tuo ut alienum non laedas," Broom, Leg. Max. (8th Am. Ed.) p. 365,— I am of the opinion that the plaintiff has shown himself entitled to injunctive relief at the time of the commencement of this action.   Cranford v. Tyrrell, 128 N. Y. 344, 28 N. E. 514; McKeon v. See, 51 N. Y. 306.

If the right to equitable relief existed when the action was commenced, the subsequent removal of the causes of which the right was predicated does not oust a court of equity of its jurisdiction. Having once acquired jurisdiction of subject-matter and parties, the court may, notwithstanding that the need of equitable relief is no longer extant, retain the action, and award such relief as the special exigencies of the case require.   Van Allen v. Railroad Co., (Com. Pl. N. Y.) 22 N. Y. Supp. 704;   Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255.   Defendant's discontinuance of the use of the steam hammer since the commencement of this action did not, therefore, have the effect of converting the action into one for damages for the nuisance complained of, and so entitle defendant to a jury trial.

Regarding plaintiff's claim for damages alleged to have accrued from defendant's maintenance of the nuisance, it appears that the damages consist of a number of items of expense for repairs to plaintiff's machinery and building, which he maintained were necessitated by the jarring and disturbances caused by the operation of the hammer.   Defendant, on the other hand, adduced evidence from which it appeared that the repairs arose partly from wear and tear in the use of the machinery and building, partly from natural causes and improvements, and to some extent from defects in the original construction of the building.   Upon all the evidence touching this branch of the case, I am constrained to the view that plaintiff has not established his claim for past damages, in a substantial amount, by a fair preponderance.

Judgment should, for the reasons above stated, be for plaintiff to the effect that, at the time of the commencement of this action, he was entitled to the injunctive relief demanded, but that the need of such relief has since been obviated by defendant's permanent discontinuance of the nuisance, with six cents damages, and the costs and disbursements of this action.