(31 Abb. N. C. 337; 8 Misc. Rep. 478.)

### McGUIRE v. BLOOMINGDALE et al.

(Common Pleas of New York City and County, Special Term.   May, 1894.)

INJUNCTION PENDENTE LITE—RESTRAINING OPERATION OF MACHINERY.

> An injunction pendente lite will not be granted to restrain defendants from running the engines, machinery, and electric light plant, and the pneumatic blower for conveying cash receptacles, in their store, on the ground that it is a nuisance to plaintiff, who resides in the adjoining building, where it appears that the noise produced by the machinery is such as is ordinarily incidental to the operation of similar machinery used in the conduct of like business in other parts of the city.

Action by Joseph McGuire against Lyman G. Bloomingdale and others. Plaintiff moves for an injunction pendente lite. Denied.

William Hildreth Field, for the motion.
Otto Horwitz, opposed.

BOOKSTAVER, J.   The plaintiff seeks to obtain a preliminary injunction pending this action, which shall restrain and enjoin the defendants from running the engines, machinery, and electric light plant in their premises; also, from running the pneumatic blower used for the conveying of cash receptacles in tubes to and from the rooms and counters in defendants' place of business, and also from loading and unloading goods in front of plaintiff's premises, and also from allowing their employes to stand in front of plaintiff's premises. From the papers it appears that the defendants are dry goods merchants, occupying a large building on the corner of Third avenue and Fifty-Ninth street, covering the entire front on Third avenue, and six or eight houses on Sixtieth street, down to the plaintiff's premises. It also appears that the machinery, the running of which the plaintiff seeks to enjoin, is necessary for the proper lighting and heating of their premises. The dynamos complained of are shown by defendants' affidavits to be noiseless, and do not cause vibration of the buildings in which they are used, and that the pneumatic blower creates but little noise. The defendants also deny that they load or unload their wagons in front of the plaintiff's premises, or that their employes congregate in front of the same. They show, on the contrary, that all goods are delivered on Fifty-Ninth street, and not on Sixtieth street.

It cannot be doubted that a court of equity has jurisdiction to interfere by injunction to prevent the erection or maintenance of a nuisance which will produce a serious or irreparable damage, but in all such cases it must clearly appear that the thing sought to be prohibited is a nuisance, and of a character to do the plaintiff irreparable injury if not at once prevented. If this is not done, the court will not interfere. Mohawk Bridge Co. v. Utica & S.

R. Co., 6 Paige, 555; Hudson & D. Canal Co. v. New York & E. R. Co., 9 Paige, 323. While preliminary injunctions which only prevent the defendant from doing an act which would render the final judgment ineffectual are freely granted, those which in effect determine the litigation, and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when required by imperative necessity. Bronk v. Riley, 50 Hun, 489, 3 N. Y. Supp. 446; Ives v. Smith (Sup.) 3 N. Y. Supp. 645; Burch v. Cavanaugh, 12 Abb. Pr. (N. S.) 410; Young v. Campbell, 75 N. Y. 525; Storage Co. v. Whiting, 17 Wkly. Dig. 263. And, again, regard should be had to the nature and extent of the injury which the plaintiff would suffer if the injunction should be withheld, as well as to the consequences to the defendant of the injunction should it be granted pendente lite. Bruce v. Canal Co., 19 Barb. 371. In the latter case the court says: "It is not every case, even of a clear violation of the plaintiff's right, that entitles him to an injunction to restrain such violation." Against an act which is not in itself necessarily a nuisance, the injunction should not be granted until the question whether it is a nuisance or not has been determined in a preparatory issue. Mapleson v. Del Puente, 13 Abb. N. C. 144.

Under all the facts in this case, I do not think the noise, if any, or the vibration, is sufficient to constitute a nuisance. Whether noise alone constitutes a nuisance depends upon circumstances. Trifling or occasional noises, dependent upon the ordinary use of property or in pursuance of an ordinary trade or calling, do not ordinarily constitute a nuisance, although those in the neighborhood are disturbed. The quality or character of the noise may be an important element in determining the question of nuisance or no nuisance. The fact that certain persons annoyed are supersensitive is not to be taken into account, the average susceptibility being the test. The matter of locality has much to do with whether it is a nuisance or not. In the case under consideration, the plaintiff's premises are within a few doors of Third avenue, where the elevated railroad and cable railroad are in constant operation, and it is a notoriously busy thoroughfare; and the same is true of Fifty-Ninth and Sixtieth streets. In fact, it was claimed on the argument that the lower portion of the plaintiff's premises was itself used for business purposes. One would not choose such a place for quiet or peaceful enjoyment. One dwelling in the midst of a crowded commercial center cannot have or claim the same quiet and freedom from noise or jarring that he could in a quiet country district. Every one taking up his abode in the city must encounter some of the inconveniences and annoyances incident to such communities. As was said by Lord Westbury in Tipping v. Smelting Co., 116 E. C. L. 608:

"If a man live in a town, of necessity he must submit himself to the consequences of the operation of trade which may be carried on in his immediate neighborhood, which are actually necessary to trade and commerce, also for the enjoyment of property and for the benefit of the inhabitants of the town. If a man lives in a street where there are numerous shops, and a shop

is opened next door to him and is carried on in a reasonable and fair way, he has no ground for complaint because to himself there may arise much discomfort from the trade carried on in that shop."

Hence it is said the production of mere inconvenience resulting from the exercise of trade will not be restrained. Wood, Nuis. 175, 1175. In the case of Huckenstine's Appeal; 70 Pa. St. 102, it was held that a court of equity will not restrain the exercise of a trade producing a smoke and injurious vapor where there are similar establishments in the same locality, and I think the same is true of noise. A party may rightfully and lawfully prosecute a lawful business upon premises adjoining his neighbor without interference from his neighbor, unless the mode of conducting this business has been, or threatens to be, such as to materially injure the plaintiff's property, or to interfere with the comfortable existence of such of their tenants as are reasonable people, able and willing to enjoy life "subject to the inconvenience necessarily resulting from the reasonable use by a neighbor of his own land." "It is essential that noise, to constitute a nuisance, must be unusual, ill-timed, or deafening." The noise produced by the machinery of the defendants in the case under consideration is not, I think, unusual. It is such as is ordinarily incidental to the operation of similar machinery used in the conduct of like business in other parts of the city. So it has been recently held in this court that a blacksmith's forge will not be interfered with because it is not pleasant for the neighbors. Smith v. Drill Co., 7 Misc. Rep. 374, 27 N. Y. Supp. 907, and cases there cited. And the same was held in Doellner·v. Tyrian, 38 How. Pr. 182. On the other hand, it appears from the papers that the defendants would be put to much expense and great inconvenience if they were prohibited from using the pneumatic delivery. It would almost stop trade in the store for a considerable period of time, and it is doubtful whether anything could be devised which would be less annoying to the plaintiff than the system now adopted. For all these reasons, I think the injunction should be refused at present, and only granted if, after a full hearing of both sides upon the trial of the merits, it should appear that the noise complained of, and the vibration, are really caused by the machinery, and are detrimental to the proper use of the plaintiff's premises. Ordered accordingly.