LYONS v. CONNOR et al.

(Supreme Court, Appellate Division, Second Department.    July 17, 1900.)

**1. NEW TRIAL—VERDICT SET ASIDE—WEIGHT OF EVIDENCE.**
Where the jury found a verdict for the plaintiff on his uncorroborated evidence, which was flatly contradicted by the corroborated evidence of another witness, an order setting aside the verdict will not be reversed on appeal.

**2. SAME—DEFENDANT IN DEFAULT.**
Where there was a verdict for plaintiff against two defendants, it is no objection to setting aside the verdict, as against the weight of evidence, that one of the defendants has admitted liability by failing to answer, since plaintiff can have separate judgment on motion against the defendant in default.

**8. NEW TRIAL—VERDICT AGAINST WEIGHT OF EVIDENCE—COSTS.**
Where a verdict is set aside as against the weight of evidence, it should be made conditional on payment of costs.

Appeal from trial term, Westchester county.

Action by Thomas H. Lyons against George J. Connor and Edward F. Sheehan. From an order setting aside a verdict for plaintiff as against the weight of evidence, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Smith Lent, for appellant.
John Gibney, for respondents.

JENKS, J. The action is on a promissory note against the maker, Connor, and the indorser, Sheehan. Sheehan alone answered. The plaintiff appeals from an order of the trial court granting defendant Sheehan's motion to set aside the verdict for the plaintiff as against the weight of evidence. Plaintiff gave a claim against Connor to Ryder, an attorney, who was called by the defendants, and testified that he reported to plaintiff that Connor, in settlement, would make a note to the attorney, not to plaintiff, which Sheehan would indorse, and that Sheehan, if he, not the maker, must pay, would pay $15 thereon at the end of each three months as the note and renewals for the reduced amounts thereof fell due. The attorney also testified that plaintiff authorized him to consent to the proposition, and that the note in suit thereupon was made and delivered to the attorney, who gave to Connor the following:

"Sing Sing, September 10, 1898.

"Received from George J. Connor note in full payment for account of Thomas H. Lyons of $197.36. Said note is for three months. Due December 7, 1898. Said note to be renewed when due, and all payments made in meantime to be deducted.    Edgar L. Ryder, Attorney for T. H. Lyons."

Sheehan testifies that he told plaintiff that he would indorse a note payable to the attorney. When the note fell due, Sheehan and Ryder testify that Sheehan paid Ryder $15, received the first note, and gave a renewal note. Ryder testifies that he gave his own check for $15 to the plaintiff, which is admitted. When the renewal note came due, Sheehan and Ryder agree that Sheehan went to Ryder and wrote out his check for $15, but Ryder asked him to take it to

plaintiff with the second renewal note, as he was no longer the attorney for plaintiff. Sheehan and Connor testify that plaintiff refused to accept the note unless it ran to him instead of to Ryder, and thereupon Sheehan went away with the note and the check. Ryder and the plaintiff theretofore had disagreed in some matters, and Ryder gave up the first renewal note to the plaintiff, who sued thereon on May 26, 1899. Plaintiff contradicted these three witnesses on almost every material point.

The learned counsel for the appellant contends that, if plaintiff never authorized his attorney, Ryder, to make the agreement of settlement, the defense falls, and that the court below erred, inasmuch as the only testimony offered upon this subject was that of Ryder, who is flatly contradicted by the plaintiff. But Ryder is corroborated by the written memorandum of September 10, 1898. Moreover, plaintiff also testified that he gave the bill to Ryder to collect, "and he came to me about December 1st. He said: 'I have got a note drawn up on me.' Mr. Sheehan had indorsed it, and George 'Connor.' I never received this first note at all,—never got it in my possession in any shape, manner, or form. Never saw it. So he paid me $15. I asked him for the note. He said he destroyed the note after he paid me $15. He said he had drawn up a new note. I had some trouble with Mr. Ryder about a lawsuit, and I asked him to present his bill. * * * I asked him afterwards to give me the note, and he turned the note over to me. I saw it was drawn to Ryder. I asked him to sign the note. He said he would not; that he had made an arrangement with Dr. Sheehan that he would not indorse it," etc. There is no dispute that the plaintiff received Ryder's check for the first installment paid by Sheehan, and though he explains it by saying that he supposed that it was a payment on account of the claim, and he knew nothing about any note, yet he had just testified "Mr. Ryder paid me $15 on December 7th, and told me it was on account of that note. It was reduced to $182, I think,—something like that." Both Connor and Sheehan testify that after Ryder, in the matter of the second payment and second renewal note, had referred them to plaintiff, Sheehan said to plaintiff, "Tommy, we came here to pay on that note;" and Tommy Lyons looked at him, and he said, "Well, I don't want it that way any more;" whereupon Sheehan said that he had come to live up to his agreement; and plaintiff said that he would "not take it that way any more," but that if the note were made to him, with Sheehan's indorsement, he would accept it. If, as plaintiff insists, Ryder were biased on account of a disagreement with plaintiff over a matter wholly foreign to this controversy, it must be remembered that plaintiff was interested, and that he stands unsupported and self-contradicting against Ryder corroborated. While the learned trial justice could not take the case from the jury "unless the facts were uncontradicted or the contradiction was illusory," this did not at all hamper his right to set aside the verdict as against the weight or the preponderance of the evidence. Luhrs v. Railroad Co., 11 App. Div. 173, 42 N. Y. Supp. 606; Bagley v. Bowe, 105 N. Y. 171, 11 N. E. 386. The justice presiding at the trial term is acute, experienced, and learned. He saw the witnesses,

and was not confined, as we are, to the record of their words.  If he were convinced that the preponderance of evidence or the interests of justice required him to set aside the verdict, he acted properly. Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596.  In Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162, Martin, J., cites with approval the language of the court in Bannon v. McGrane, 45 N. Y. Super. Ct. 517.  "It is at all times a grave question for an appellate court to reverse, on the ground of error, an order made by the trial judge setting aside the verdict as against the weight of evidence;" and this statement meets further approval in Lund v. Spencer, 42 App. Div. 543, 59 N. Y. Supp. 752.  There is, in my opinion, nothing in the record that would warrant so drastic a course in this case.

The further point is made that the verdict against Connor should not be disturbed, inasmuch as his default is an admission of his liability.  Upon that default the plaintiff's remedy was an application for judgment under the provisions of the Code of Civil Procedure. The trial of the issues raised by the defendant Sheehan alone did not concern Connor, who had not joined issue, and therefore the order that nullifies the verdict against him works no injustice to the plaintiff, who, none the less, has the plain remedy indicated.  The order is erroneous in one respect.  It should have been made conditional upon the payment of costs.  Bailey v. Park, 5 Hun, 41; O'Shea v. McLear, 1 N. Y. Supp. 407.

The order, thus modified, should be affirmed, without costs.  All concur.