(35 Misc. Rep. 748.)

COHEN et al. v. UNITED GARMENT WORKERS OF AMERICA et al.

(Supreme Court, Special Term, New York County.   September, 1901.)

1. INJUNCTION—STRIKING EMPLOYE'S—DISTRIBUTION OF CIRCULARS.
   Employés of a merchant will not be restrained from sending circulars to his customers, notifying them of controversies existing between the parties, and requesting such persons not to deal with their employers.

2. SAME—REFUSAL.
   Where right to relief sought is doubtful, an injunction pendente lite will be refused where the relief afforded by it would be the same as if plaintiff had succeeded at the trial.

Action by Hyman Cohen and others against the United Garment Workers of America and others.   Application for injunction denied.

Franklin Bartlett, for plaintiffs.

Levy & Unger (Charles Haldane, of counsel), for defendants.

BLANCHARD, J. This is an application by plaintiffs to enjoin defendants, during the pendency of the action, from issuing certain circulars to plaintiffs' customers. It is claimed by plaintiffs that by reason of the circulars sent to their customers their business has been seriously affected, and irreparable damage will be done unless the continued use of such circulars be restrained. The defendants claim that in the distribution of such circulars no law is being violated by them, and their contention is not without an appearance of authority. It has been held by the appellate division of this department that the employés had the right to notify persons engaged in the trade of the controversies existing between them and their employers, and to request such persons not to deal with their employers unless such differences should be adjusted. Sinsheimer v. Garment Workers, 77 Hun, 215, 217, 28 N. Y. Supp. 321. In that case the court reversed the order of the special term granting an injunction pendente lite, stating that there was no satisfactory proof of any threats or intimidation. The plaintiffs in this case contend that the circulars do contain a threat, and do intimidate the parties to whom they are sent. Circulars substantially similar in form were, however, held in the Sinsheimer Case not to have amounted to a threat or intimidation, or constitute "any infringement of any provision of law." It may be that the second circular complained of in the present case goes somewhat further in the direction of being objectionable, but I am not inclined to grant the injunction pendente lite, when the action can be tried and the rights of the parties more satisfactorily disposed of at no very distant date. It is not the policy of the law to grant injunctive relief during the pendency of the action, where that relief would be the same as that ultimately granted if the plaintiffs succeeded at the trial, and the plaintiffs' right to the relief sought is involved in doubt. Hart v. Mayor, etc., 9 Wend. 571, 581, 24 Am. Dec. 165; McGuire v. Bloomingdale, 8 Misc. Rep. 478, 479, 29 N. Y. Supp. 580. The motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.