LARSEN v. UNITED STATES MORTGAGE & TRUST CO.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. NEGLIGENCE—QUESTION FOR JURY.

In an action for personal injuries caused by negligence, the question of defendant's negligence should not be submitted to the jury unless the evidence of freedom from contributory negligence is such as to justify the submission of that question.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 279–282.]

2. RAILROADS—DUTY OF ONE CROSSING TRACKS.

One crossing a railroad track cannot omit the observance of due care on his part, relying on the railroad company to give the warnings required by due care on its part.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1086, 1087.]

3. RECEIVERS—INDIVIDUAL LIABILITY FOR TORT.

Where a receiver of a railroad pendente lite continued in possession of the property after confirmation of a foreclosure sale, it was individually liable for tort committed by a servant in operating the road during such continuance in possession.

4. NEW TRIAL—COSTS.

Where a new trial is granted on the ground that the verdict is against the evidence, the moving party should be required to pay the costs.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 323.]

Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Ludviska Larsen, as administratrix, against the United States Mortgage & Trust Company. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward M. Shepard (Leo G. Rosenblatt, on the brief), for appellant.

H. Snowden Marshall, for respondent.

JENKS, J. The action is for negligence. Plaintiff's intestate was struck and fatally injured by a locomotive engine running on a tramway worked upon private premises. On the defendant's motion the verdict for the plaintiff was set aside and a new trial was granted on the grounds that "the verdict was against the evidence and the weight of evidence, and that the defendant herein is sued as an individual, and the plaintiff failed to prove any act of negligence on the part of the defendant as an individual." I think

that the order should be affirmed, but only on the grounds that the verdict was against the evidence and the weight of the evidence. The question presented as to that part of the order by this appeal is whether an order which is made "in the discretion of the court," involving "a matter of remedy or procedure," should be reversed. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282. I think that we cannot say the court erred in ordering a retrial. Lyons v. Connor, 53 App. Div. 475, 65 N. Y. Supp. 1085, and cases cited; Larkin v. United Traction Co., 76 App. Div. 238, 78 N. Y. Supp. 538. I infer from the record that the question of contributory negligence moved the court to direct the retrial. Even though it was practically conceded that the negligence of the defendant was a question for the jury, "before that question could be submitted, another question must have arisen upon the evidence, which should accompany the submission of the other one, and that was whether the deceased was free from contributory negligence." The court, per Gray, J., in Perez v. Sandrowitz (Court of Appeals, February 3, 1905) 180 N. Y. 397, 73 N. E. 228. The evidence fails to show facts which prove that the accident could have happened without fault on the part of the intestate. The weight of evidence indicates that he deliberately stepped within the rails without taking any preliminary precautions. He could not omit the observance of due care on his part on reliance that the defendant would give the signals or warnings required by due care on its part. Rodrian v. N. Y., N. H. & H. R. R. Co., 125 N. Y. 526, 26 N. E. 741.

But I think that the court was wrong in holding that the verdict should be set aside on the other grounds stated in the order. The defendant was appointed a temporary receiver pendente lite on February 5, 1900, in an action to foreclose a mortgage of the premises. It was clothed with the usual powers and duties of receivers in such cases, and it was authorized to enter into possession of the premises, and to conduct, manage, and operate the same, together with the said railroad or tramways. It thereafter entered into possession and continued the business. Such an appointment incidental to the chancery jurisdiction of the court was made for the primary purpose of preserving the property until final decree and sale, which the appointment anticipated. The receiver was an officer of the court, with powers limited to such purpose, and bare of authority save as clothed by its orders. The property was in custodia legis, and its officer took possession as an arm of the court, although the title was not changed until the sale under the decree. Any authority conferred upon the receiver to continue the business was to preserve the value of the property as a going concern and to prevent a diversion of its returns. Decker v. Gardner, 124 N. Y. 334, 338, 26 N. E. 814, 11 L. R. A. 480; U. S. Trust Co. v. N. Y., W. S. & B. R. R. Co., 101 N. Y. 478, 5 N. E. 316; Hollenbeck v. Donnell, 94 N. Y 342; Vilas v. Page, 106 N. Y. 439, 13 N. E. 743; Davis v. Gray, 16 Wall. 203, 218, 21 L. Ed. 447. The receiver's possession, its actions while in possession, and the end of its possession were determined and de-

fined solely by the orders of the court. On April 25, 1901, a judgment of foreclosure and sale was entered, and the defendant was authorized to continue to act and to remain in possession until confirmation of the sale, with all the powers theretofore conferred. On July 1, 1901, the sheriff reported to the court a sale and a delivery of the deed to the purchaser. On July 26, 1901, the court, upon notice to the receiver, entered an order confirming the sale. The day thus identified as that on which the receiver's right of possession should end was as certain as if denoted by a number in a month of a year, as in this case the receiver had received due notice that the act of identification had been done. The receiver therefore must have known that the 26th day of July terminated its possession as the officer of the court. When the premises were sold, the conveyance made, and the sale confirmed, the purchaser became the owner forthwith entitled to possession. The court had ordered that thereupon its custody should terminate. It was therefore no longer the custodian, and the purchaser could not constitute it custodian beyond that time by his action or inaction; and the receiver could not continue its possession as receiver by a mere continuance in a possession taken as receiver. It is urged that the magnitude of the business required the receiver to continue in possession for the orderly transfer thereof. But that consideration could not work a continuance of the custody of the court or of its officer when the court had determined to the contrary. Practically it is of little weight in this case. For aught that appears, the purchaser could have taken actual possession on July 26th as readily as on August 1st, when it entered without even the disturbance of an employé. It would be anomalous if the purchaser, a foreigner to the action, could actively or passively compel the court to remain in possession of his property and continue his business at the risk of the fund.

This accident happened on July 27, 1901. I think that this case is within the principle of Corser v. Russell, 20 Abb. N. C. 316. The action was against receivers for the loss of a trunk stored with them and destroyed by fire on January 24, 1886. The court excluded under objection proof to show that on December 5, 1885, a referee appointed by the court had conveyed the property to certain purchasers, and the exclusion was held error on the theory that the fact would have appeared that the receivers had at that date been completely divested of all their proprietary rights and services of operation and maintenance of the railway property. The purchaser in this case was originally the chairman of a committee on reorganization. The deed to him was dated July 10, 1901, and it had been delivered, as shown by the sheriff's report to the court, on July 17, 1901. On July 22, 1901, the said committee by formal resolve requested the defendant, as receiver, to turn over on July 31st at midnight to the dock company all the cash, personal property, and assets of said receivership of every description, and on August 1st the dock company gave notice that it had that day taken possession, and would hereafter operate the property purchased in its behalf. No application was made to the

court. While, of course, this request could not define the continuance of defendant's possession as that of a receiver, it does show that the continuance of possession by the defendant was at the instance and request of the purchaser exercising his property rights. Whatever the character of the possession after the 26th day of July by the defendant, I think it clear that it was not as receiver. High on Receivers says (section 162):

"When property has been in a receiver's possession pending litigation, and a final decree is made directing that a sufficient portion be set aside to satisfy the plaintiff's demand, which is accordingly done pursuant to the decree, the property thus set aside becomes that of the plaintiff, although he may refuse to receive it. And it would seem, on such a state of facts, that the receiver, having ceased to act in that capacity, holds the property thenceforth only as trustee of the person entitled thereto under the final decree"—citing Very v. Watkins, 23 How. 469, 16 L. Ed. 522.

See, too, Beach on Receivers (section 802).

Short on Railway Bonds and Mortgages says (page 570):

"Ordinarily, it is only after the actual completion of the sale and the final conveyance of the property to the purchasers that the court loses its exclusive power to manage the property."

In Vilas v. Page, supra, the court say (page 453, 106 N. Y., page 747, 13 N. E.):

"The court was not divested of its power and duty of managing the property by reason of a sale which the purchasers delayed or neglected for many years to complete."

Short on Railway Bonds and Mortgages (section 556) says that no formal discharge is necessary "when the parties themselves have by their own agreement provided for the administration of the trust estate in such a manner that there is no longer any property left in the custody of the court for the receivers to manage." It must be remembered that the act complained of is the negligence of the defendant in the working of the tramway, which, if done as receiver, necessarily implied its right of possession and administration as receiver on that day. The remark of Andrews, J., in Colwell v. G. N. Bank, 119 N. Y. 408, 412, 23 N. E. 739, is relatively significant:

"The first subdivision of that section provides for the only case where a receiver can be appointed before judgment, and that is the usual receiver pendente lite, whose active functions terminate with a judgment adverse to the party who procures his appointment, although his character as receiver may continue for the purpose of rendering his account until he is by order discharged from his trust. Whiteside v. Prendegast, 2 Barb. Ch. 471."

In the case at bar the receiver was appointed pendente lite. The action terminated when it went to judgment, sale, completion, and confirmation thereof. This was the natural end of its active functions in preservation, and hence in possession and in management, of the property. Not only was this the natural legal termination, but it was the prescribed termination formally stated by the order of the court which gave and took away its life, and of which it had specific notice.

The two cases of Farmers' Loan & Trust Co. v. Central Railroad of Iowa (C. C.) 7 Fed. 537, and Davis v. Duncan (C. C.) 19

Fed. 477, cited by the respondent, may be discriminated in that it was sought to hold the receivers in their respective capacities, while this case is based upon the theory that the defendant was not the receiver at the time of the casualty. As to the case of N. Y. & W. U. Tel. Co. v. Jewett, 115 N. Y. 166, 21 N. E. 1036, it is but necessary to say that this plaintiff does not seek to recover as of the fund, inasmuch as she sues the defendant on the theory that it was not the receiver. If the defendant was not the receiver at the time of the accident, it was in possession individually, or as the agent or servant of the purchaser. In either case the action is well laid. See Murray v. Usher, 117 N. Y. 542, 23 N. E. 564.

The new trial granted must be considered as a favor, and therefore the order granting it as thus modified should contain a provision that it is made conditional upon the payment of costs of the trial. Lyons v. Connor, supra; Helgers v. Staten Island Midland R. R. Co., 69 App. Div. 570, 75 N. Y. Supp. 34. All concur, except WOODWARD, J., who dissents from the conclusion reached, and votes to reinstate the verdict.