## LARSEN v. UNITED STATES MORTGAGE & TRUST CO.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

APPEAL—SUBSEQUENT APPEALS—FORMER DECISION AS LAW OF THE CASE.

A decision of the Appellate Division, affirming an order granting a new trial of an action for negligence on the ground that the verdict for plaintiff was against the weight of the evidence, and directing that on the failure of defendant to pay the costs of the trial the order should be reversed and judgment entered on the verdict, is equivalent to a holding that the evidence of negligence and of freedom from contributory negligence was sufficient to support the verdict, and requires the court, on a second trial on the same evidence, to submit the issues to the jury.

Jenks, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Ludviska H. Larsen, as administratrix of Rognald John Larsen, deceased, against the United States Mortgage & Trust Company.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Leo G. Rosenblatt, for appellant.
George Gordon Battle, for respondent.

HOOKER, J.   The plaintiff has sued to recover damages for the death of her deceased husband, as the administratrix of his estate, on the ground that the death was caused by defendant's negligent operation of an engine upon a tramway.   Upon the first trial the plaintiff had a verdict, which was set aside by the trial court upon the grounds that "the verdict was against the evidence and the weight of evidence, and that the defendant herein is sued as an individual, and the plaintiff failed to prove any act of negligence on the part of the defendant as an individual."   An appeal from the order granting a new trial came to this court.   That order was affirmed.   See 104 App. Div. 76, 93 N. Y. Supp. 610.   The new trial, however, had been granted without the condition that the defendant pay costs, and this court modified the order, so as to make the affirmance conditional upon the payment by the defendant of the costs of the trial.   The order of this court also provided that on failure to comply with such conditions the order appealed from be reversed and judgment unanimously directed on the verdict.

On the second trial, now under review, the evidence introduced on behalf of the plaintiff was substantially the same as that which was received upon the first trial; but the learned Trial Term granted the motion for a nonsuit at the close of the plaintiff's case, stating:

"This case has been tried before and been on appeal to the Appellate Division.   The Appellate Division has applied to it the strict rule applicable to steam railroads in the open in respect to a person looking each way before stepping onto the track; and I am bound by that decision of the Appellate Division, and I dismiss the case."

The effect of the former decision of this court has been misjudged. The new trial was granted on the two questions that the verdict was

against the weight of evidence· and that the defendant was not liable as an individual. This court specifically discussed the second ground, and came to the conclusion that the defendant was liable in his individual capacity. It discussed the first ground, and announced that the order should be affirmed, "but only on the ground that the verdict was against the evidence and the weight of the evidence." The direction in the order that upon the failure of the defendant to pay the costs of the trial the order be reversed, and the judgment unanimously directed on the verdict, is tantamount to holding that in that record appeared proof of defendant's negligence and of the intestate's freedom from contributory negligence, sufficient to support the jury's verdict. The same evidence was received in the trial now under review. It is not orderly to discuss the question of defendant's liability or the intestate's freedom from contributory negligence as original propositions, for the reason that upon practically the same facts the court has already made determination of those questions, which should have been presented for the jury's determination.

The judgment must therefore be reversed, and new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur except JENKS, J., who dissents.