(162 App. Div. 319)

BARNARD v. FINKBEINER et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. NUISANCE (§ 3*)—PRIVATE NUISANCE—PROFANE AND OBSCENE LANGUAGE.

The frequent use by a tenant on adjoining premises of loud, profane, and obscene language, which could be heard by the family and patrons of the lessee of a theater building, rendered such building unfit for comfortable and reasonable occupation, and for the purpose for which it was intended, and may be enjoined.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

2. NUISANCE (§ 19*)—INJUNCTION—PERMANENCY OF ACTS.

A use of premises which amounts unmistakably to a nuisance may be restrained, even though the offending was not perpetual.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. NUISANCE (§ 19*)—INJUNCTION—THREATS OF CONTINUANCE.

An injunction may be granted to restrain the future commission of acts, the very doing of which constitute a nuisance, where the evidence shows a reasonable probability of their continuance, even though there is no threat to continue shown.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 19.*]

Appeal from Special Term, Dutchess County.

Action by George F. Barnard against Philip Finkbeiner and another for an injunction to restrain a private nuisance. From an interlocutory judgment in favor of the defendants, entered upon general demurrer, the plaintiff appeals. Reversed, and demurrer overruled.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Elijah T. Russell, of Millbrook, for appellant.

James E. Carroll, of Poughkeepsie, for respondents.

JENKS, P. J. The defendants demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, and gained the interlocutory judgment from which the plaintiff appeals.

The plaintiff complains that he is lessee of a theater building in a village, that the defendants are tenants of an adjoining building, that for the past several months the defendants frequently and almost daily, while in their apartments, or on the street in front of the same, and during the evening and afternoon performances at plaintiff's theater, have indulged in loud and profane swearing and vile and obscene talk; that such profane swearing and obscene language could at times be clearly heard in plaintiff's theater by plaintiff, his family and employés and patrons of his theater; that such conduct on the part of said defendants causes an injury to plaintiff's business in the conduct of his said theater, and that it materially impairs plaintiff's enjoyment of his premises as aforesaid. Wherefore he asks a perpetual injunction against the defendants from using any profane or obscene language or profane swearing while in or about their premises aforesaid, loud enough for plaintiff or any member of his family or employé or patron of his theater to hear.

[1] I think that the complaint is good within the general rule stated in Cranford v. Tyrrell, 128 N. Y. 341, 28 N. E. 514, cited and approved in Re Debs, Petitioner, 158 U. S. 593, 15 Sup. Ct. 900, 39 L. Ed. 1092. The frequent use of loud, profane, vile, and obscene language that can be heard in plaintiff's building may be said to render it "unfit for comfortable or respectable occupation, and unfit for the purposes it was intended for."

[2] The learned counsel for the respondent points out that the complaint fails to allege either injury of a continuous character or threats to continue. But the fact that the offending is not perpetual cannot avail the defendants, if that offending be an unmistakable nuisance. High on Injunctions, § 772, citing Ross v. Butler, 19 N. J. Eq. 294–302,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

97 Am. Dec. 654; Wood on Nuisances, § 780; Pomeroy's Equitable Remedies, § 501.

[3] As to the threats to continue, the appellant loses sight of the distinction between future acts which may or may not be a nuisance, according to the fashion of the doing thereof, and future acts of which the very doing constitutes nuisance. As to the latter, an equity court may decree its injunction, if it is satisfied by the evidence that there is a reasonable probability of their doing. See Miley v. A'Hearn (Ky.) 18 S. W. 529.

The interlocutory judgment is reversed, with costs, and the demurrer overruled, with leave to the defendants to plead over on payment of costs. All concur.