INNIS v. THE CEDAR RAPIDS, IOWA FALLS & NORTH-WESTERN RAILWAY COMPANY *et al.*

Nuisance : BRIDGE OVER NAVIGABLE LAKE : PRIVATE ACTION TO ABATE : WHEN NOT MAINTAINABLE. Under section 3331 of the Code, as well as at common law, a private individual is not allowed to maintain an action to restrain or abate a public nuisance, unless he can show that it occasions some peculiar or special damage or injury to him. ( See cases cited in opinion.) Accordingly, where defendant built a bridge over a lake claimed by plaintiff to be navigable, and plaintiff afterwards engaged in the business of keeping boats to let for pleasure and fishing purposes on the lake, and the bridge proved an impediment to his boats, and made his business less profitable than otherwise it would have been, *held* that he had no peculiar right to navigate the lake, and that he could not maintain an action to abate the bridge as a nuisance.

*Appeal from Palo Alto District Court.*—HON. LOT THOMAS, Judge.

FILED, DECEMBER 18, 1888.

ACTION in equity to abate an alleged nuisance. The district court, on the hearing, dismissed the petition. Plaintiff appeals.

*B. E. Kelly*, for appellant.

*Soper & Allen* and *S. K. Tracy*, for appellees.

REED, J.—The act complained of is the erection and maintenance of a railroad bridge over a body of

water known as Medium lake. Plaintiff alleged that said lake is a public, navigable water, and that the bridge maintained by defendants is an obstruction to the free use thereof for purposes of navigation. On the hearing in this court a number of questions were elaborately argued by counsel, but we have found it necessary to consider the single question whether, conceding the navigable character of the lake, and that the bridge is an obstruction, plaintiff has such interest as will enable him to maintain an action in his own right for the abatement of the nuisance. Plaintiff is a resident of the town of Emmetsburg, which is situated at the south end of the lake, and is the owner of a number of small boats, which he keeps for hire, and which he rents to others for use on the lake. They have been used for purposes of pleasure, and by persons engaged in fishing, and are not adapted to any other use. The lake is five or six miles long, and its width varies from one-fourth to three-fourths of a mile. The bridge is situated about one mile from the south end, and spans the whole width of the lake at that point. There is no draw nor opening in it, and the bottom timbers are so near the water that boats cannot safely or conveniently pass under it. The boat-house and landing are situated at the south end next to the town, and that is the only point of convenient access to the water from the town, and the part of the lake north of the bridge is better adapted to boating than that lying south of it. Plaintiff's complaint is that, owing to the obstruction caused by the bridge, the business of boating on the lake has greatly fallen off, and as a consequence his business has been impaired, and his profits therefrom diminished. He also alleged, and the evidence tended to prove, that he and others contemplated placing a small steamer on the lake, but were deterred from engaging in the enterprise by the existence of the obstruction. The evidence also shows that he did not engage in his present business until four or five years after the bridge was constructed. His counsel contended that the bridge is such an obstruction to the free use of his property "as

entitles him to maintain an action in his own right for its abatement." He relied on section 3331 of the Code, which is as follows: " Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action  *  *  *  may be brought thereon by any person injured thereby.  *  *  *" It is very clear that, under this provision, a person who sustains a special injury from a public nuisance, aside from and independent of that sustained by the general public, may maintain an action for its abatement, or to restrain its continuance. Indeed, that is the law in the absence of any statute on the subject. But independent of statutory provisions the rule undoubtedly is that a private individual will not be allowed to maintain an action to restrain or abate a public nuisance unless he can show that it occasions some peculiar or special damage or injury to him. 1 High, Inj., sec. 762 ; Gould, Waters, secs. 121, 122 ;. *Blackwell v. Old Colony Ry. Co.*, 122 Mass. 1 ; *Willard v. City of Cambridge*, 3 Allen, 574 ; *Prince v. McCoy*, 40 Iowa, 533 ; *Prosser v. City of Ottumwa*, 42 Iowa, 509. And in the latter case it was held that this rule is not changed by our statute. The case depends, then, upon whether plaintiff has established that he suffers any injury from the alleged nuisance distinct from that sustained by the general public, and we think it clear that he has not. The substance of his complaint is that the bridge obstructs the navigation of the lake. But with reference to the right to navigate it he occupies precisely the same position as other members of the general public. The fact that, since the bridge was erected, he has purchased boats, and engaged in the business, gives him no other or different rights with reference to the subject than are enjoyed by others, for every one had the right to do the same thing. His sole right in the premises is to use the lake as a highway. But every other member of the public has the same right. We have no occasion to consider whether his right would have been different if

he had owned the property and been engaged in the business when the bridge was erected, or had subsequently purchased from one who at that time was engaged in it, for it is not claimed that he did either. It was held by this court in *Ewell v. Greenwood*, 26 Iowa, 377; *Wilson v. Sexon*, 27 Iowa, 15; and *Hougham v. Harvey*, 33 Iowa, 203, that the plaintiffs could maintain actions to abate obstructions in public highways. But in each of those cases the plaintiff suffered injuries in consequence of the nuisance not sustained by the general public, and it was that fact which gave him a standing in the court, and the general rule which has been applied was recognized in each of the cases. We were urged by counsel for appellee to determine whether Medium lake is a navigable water; but we think it would be manifestly improper for us to attempt any determination of that question in the present case. It is one in which the general public, or individuals other than plaintiff, may be deeply concerned, and any judgment or order we might enter with reference to it would be binding only upon the parties before us. The conclusion we have reached, viz., that plaintiff has not shown himself entitled to maintain an action to restrain or abate the alleged nuisance, necessarily determines the present case, and we must decline to enter into other questions which might be important if his position in that respect were different.

AFFIRMED.