JOHN P. CRANFORD et al., Respondents, *v.* MARTIN D. TYRRELL, Appellant.

*It seems* the mere fact that a business is being carried on, which may be shown to be immoral and, therefore, prejudicial to the neighborhood, furnishes of itself no ground for equitable interference at the suit of a private person. Although the use of property may be unlawful or unreasonable, unless special damage can be shown, a neighboring property owner cannot base thereupon any private right of action.

*It seems* also, that only the public authorities, acting in the common interest, can interfere for the suppression of a common nuisance.

The fact, however, that the perpetrator of a nuisance is amenable to the provisions and penalties of the criminal law is not an answer to an action against him by a private person who has sustained special damage, to recover the same and to restrain a continuance of the nuisance.

An unlawful use of property which renders the premises of a neighbor unfit for comfortable or respectable occupation and enjoyment is a private nuisance, against which the protection of a court of equity may be invoked, although the use complained of also constitutes a public nuisance.

In an action to restrain defendant, who was plaintiffs' adjoining neighbor in a city, from keeping a house of ill-fame and using his premises as an assignation house and to recover damages, the court found that the house, as maintained by defendant, was a resort for prostitutes and licentious men, and that persons occupying rooms in it acted in a boisterous and noisy manner and indecently exposed their persons at the window, "whereby the use and occupation of the plaintiffs' premises had been interfered with and rendered uncomfortable" and the occupants of their house "annoyed and seriously disturbed." The court granted the relief prayed for. *Held*, no error.

(Submitted June 22, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James & Thomas H. Troy* for appellant. To maintain a civil action for damages arising out of the commission of a crime the plaintiff must have sustained some damage not common to the public. (*Francis* v. *Schoellkopf*, 53 N. Y. 152; *Butler* v. *Kent*, 19 Johns. 223; *Davis* v. *Mayor, etc.*, 14 N. Y. 506; *Ayres* v. *Lawrence*, 63 Barb. 454; *Adams* v. *Popham*, 76 N. Y. 410; *K. I. Co.* v. *Shultz*, 116 id. 383; *Lansing* v. *Smith*, 8 Cow. 146; *Dougherty* v. *Bunting*, 1 Sandf. 1; *F. P. B. Co.* v. *Smith*, 30 N. Y. 44; *Harrower* v. *Ritson*, 37 Barb. 307; *Callanan* v. *Gilman*, 107 N. Y. 360; *Lawton* v. *Steele*, 119 id. 226.) A house of prostitution is a public nuisance, and the keeping or maintaining thereof a misdemeanor. The law provides a mode and manner by which it may be summarily suppressed and the offender punished. (Penal Code, §§ 322, 386, 387; *Ely* v. *Suprs., etc.*, 36 N. Y. 297.)

*Alfred E. Mudge* and *Johnson & Lamb* for respondents. A "bawdy house" is undoubtedly a common nuisance, and the well-established rule is that a person "maintaining a common nuisance is liable at the suit of one who has sustained damage peculiar to himself." (*Francis* v. *Schoellkopf*, 53 N. Y. 152; Wood on Nuisances [2d ed.], 718, 886; *Callanan* v. *Gilman*, 107 N. Y. 360; *Flynn* v. *Taylor*, 53 Hun, 167; *Robinson* v. *Smith*, 25 N. Y. S. R. 647.) The plaintiffs have sustained special damages. (*Francis* v. *Schoellkopf*, 53 N. Y. 152; *Farrell* v. *Cook*, 49 Am. Rep. 721; *Marsan* v. *French*, 48 id. 272; *Givens* v. *Van Studdiford*, 56 id. 421; Wood on Nuisances [2d ed.], 738.) The plaintiffs were entitled to recover

the amount of the rental value of their property for the period it was not rented in consequence of the nuisance; and while rented, the difference between the rental value free from the nuisance and subject to it. (*Francis* v. *Schoellkopf*, 53 N. Y. 152; Wood on Nuisances, 754.)

GRAY, J. In this action, which was brought to restrain the defendant from keeping a house of ill-fame and from using his premises as an assignation house, and to recover damages for injuries sustained, the trial court found as facts that the house, as maintained by defendant, was a resort for prostitutes and licentious men, and that the persons occupying rooms acted in a boisterous and noisy manner, and indecently exposed their persons at the windows, "whereby the use and occupation of the plaintiffs' premises have been interfered with and rendered uncomfortable, and whereby the occupants of plaintiffs' premises have been annoyed and seriously disturbed."

Such a finding was amply justified by the evidence and, indeed, it is not discussed by the appellant; but he argues that the plaintiffs could not maintain a civil action of this nature; inasmuch as the damage they suffered was a damage common to the whole community, and not special to them. If that position had been sustained by the facts, I do not doubt but that it would have been the duty of the trial court to have denied the relief prayed for.

The rule of law requires of him who complains of his neighbor's use of his property, and seeks for redress and to restrain him from such use, that he should show that a substantive injury to property is committed. The mere fact of a business being carried on, which may be shown to be immoral and, therefore, prejudicial to the character of the neighborhood, furnishes, of itself, no ground for equitable interference at the suit of a private person; and though the use of property may be unlawful or unreasonable, unless special damage can be shown, a neighboring property owner cannot base thereupon any private right of action. It is for the public authorities, acting in the common interest, to interfere for the suppres-

sion of the common nuisance. (See *Francis* v. *Schoellkopf*, 53 N. Y. 152.)

If the business complained of is a lawful one, the legal question presented in a civil action for private damage is whether the business is reasonably conducted, and whether, as conducted, it is one which is obnoxious and hurtful to adjoining property. If the business is unlawful, the complainant in a private action must show special damage, by which the legitimate use of his adjoining property has been interfered with, or its occupation rendered unfit, or uncomfortable. That the perpetrator of the nuisance is amenable to the provisions and penalties of the criminal law is not an answer to an action against him by a private person to recover for injury sustained, and for an injunction against the continued use of his premises in such a manner. The principle has been long settled that the objection that the nuisance was a common one is not available, if it be shown that special damage was suffered. (*Rose* v. *Miles*, 4 M. & S. 101; *Rose* v. *Groves*, 5 Man. & G. 613; *Francis* v. *Schoellkopf*, *supra*; *Lansing* v. *Smith*, 4 Wend. 9.) One who uses his property lawfully and reasonably, in a general legal sense, can do injury to nobody. In the full enjoyment of his legal rights in and to his property, the law will not suffer a man to be restrained; but his use of the property must be always such as in no manner to invade the legal rights of his neighbor. The rights of each to the enjoyment and use of their several properties should, in legal contemplation, always be equal. If the balance is destroyed by the act of one, the law gives a remedy in damages, or equity will restrain. If the use of a property is one which renders a neighbor's occupation and enjoyment physically uncomfortable, or which may be hurtful to the health, as where trades are conducted which are offensive by reason of odors, noises, or other injurious or annoying features, a private nuisance is deemed to be established, against which the protection of a court of equity power may be invoked.

In the present case the indecent conduct of the occupants of the defendant's house and the noise therefrom, inasmuch as

they rendered the plaintiffs' house unfit for comfortable or respectable occupation, and unfit for the purposes it was intended for, were facts which constituted a nuisance, and were sufficient grounds for the maintenance of the action. If it was a nuisance which affected the general neighborhood and was the subject of an indictment for its unlawful and immoral features, the plaintiffs were none the less entitled to their action for any injury sustained and to their equitable right to have its continuance restrained.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.