STATE OF IOWA, Appellant, v. HARRY E. FIELDS.

Killing of Quail: RIGHTS OF TAXIDERMISTS. Taxidermists have no authority to kill quail out of season for scientific purposes by virtue of the exception in their favor contained in Code, section 2561.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

THURSDAY, DECEMBER 18, 1902.

AN information in six counts was filed before a justice of the peace in Black Hawk county, charging the defendant with violation of the game law in killing quail during the closed season. Being convicted, he appealed to the district court, where he was allowed to show, by way of defense, that he was a taxidermist, engaged in collecting and mounting specimens in the museum of the State Normal School, and for this purpose did the acts with which he was charged. The district court found defendant not guilty, and he was discharged. The state appeals.— *Reversed.*

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

No appearance for appellee.

MCCLAIN, J.—By Code, section 2551, it is provided that no person shall shoot or kill "any ruffed grouse or

pheasant, wild duck or quail between the first day of December and the first day of October." And by Code, section, 2554, it is made unlawful for any person "to buy or sell, or have in possession, any of-the birds or animals named in this chapter during the period when the killing of such birds or animals is prohibited, except during the first five days of such prohibited period." Neither of these sections, nor any other section of the Code making direct reference to the preservation of game birds, contains any exceptions as to the purposes for which such birds may be killed during the prohibited period. But Code, section 2561, provides that "no person shall destroy the nests or eggs of, or catch, take, kill or have in possession or under control for any purpose whatever, except specimens for use of taxidermists, at any time, any whipperwill, nighthawk, bluebird, finch, thrush, linnet, lark, wren, martin, swallow, bobolink, robin, turtle-dove, catbird, sandpiper, snowbird, blackbird, or any other harmless bird except bluejays and English sparrows, but nothing herein shall be construed to prevent the removal of nests from buildings, and the keeping of song birds-in cages as domestic pets."

The only question is whether the exception in the section last referred to applies also to the birds described in the section first above referred to, which, in addition to the provision quoted, contains other provisions for prohibited periods as to other classes of game birds and animals. It is to be noticed that the prohibition as to the killing of the birds enumerated in section 2561 is absolute as to time, and contains an exception as to purpose, while, as to the game birds enumerated in section 2551, there is an exception as to time, but no exception as to purpose. Without elaboration, it is sufficient to announce our conclusion that the exception as to purpose incorporated into section 2561 does not limit the provisions of section 2551. It was evidently the legislative thought that, inasmuch as an open season was authorized with reference to game birds, during

which they might be killed, the demands of science could be satisfied without making an exception with reference to scientific purposes.

It is also worthy of note that Code, section 2551, so far as it relates to game birds, is substantially in harmony as to its terms and purposes with previous statutory provisions on the subject, while section 2561, describing certain birds and referring to them as harmless birds, none of them being such birds as are usually known as game birds, was first incorporated into the law by the 26th General Assembly in the enactment of the Code, and evidently was inserted to embody an entirely different idea from that involved in the provisions for the preservation of game birds. While it is true, technically speaking, that all the sections of the Code are part of one legislative enactment, yet we think that the origin and history of the different provisions found embodied in the Code may be significant in determining the legislative intent as to their relations to each other. If the legislature had intended to make an exception in favor of taxidermists with reference to game birds, it certainly would have embodied that exception in the sections relating to such birds, or in some section having an unequivocal reference thereto. This was not done, and we conclude that the exception as to the taxidermists has no reference to the provisions relating to game birds.—REVERSED.