STATE OF IOWA v. JESSE LEASMAN, Appellant.

Indictment: THROWING STONES AT TRAIN.   Although it is usually necessary in alleging the facts, even under an indictment following the language of the statute, to show that the act charged is forbidden by the statute, yet the indictment is sufficient if it individuates the offense and states the material facts constituting the same; so that an indictment under Code,

section 4810, which fully describes the act of throwing a stone at a train on the track of a specified railroad in a certain county is sufficient, without alleging an intent to injure a particular person on the train, or the property of the particular railroad company owning the train.

*Appeal from Madison District Court.*— HON. EDMUND NICHOLS, Judge.

TUESDAY, FEBRUARY 11, 1908.

THE indictment against defendant charged that on a date named, in the county of Madison, he " did unlawfully, maliciously, and willfully throw a stone which he then and there had and held in his hand at a railroad train which was then and there on the track of the Chicago Great Western Railroad Company, and was known as ' train No. 3,' the intent being to charge the crime described in Code, section 4810, which provides that ' if any person throw any stone or present or discharge any gun or other firearm, at any railroad train, car or locomotive engine, he shall be guilty of a misdemeanor.' " The jury found the defendant guilty of the crime charged, and he appeals from a sentence on the verdict.— *Affirmed.*

*W. S. Cooper,* for appellant.

*H. W. Byers, Attorney General,* and *C. W. Lyon, Assistant Attorney General,* for the State.

MCCLAIN, J.— By motion in arrest of judgment, the objection was raised for the defendant that the indictment does not allege the name of the person injured or attempted to be injured, nor the ownership of the train at which the defendant was charged with throwing the stone. By reference to the section of the Code set out in the above statement of the case, it is apparent that the offense is described as consisting in the act of throwing a stone at a railroad train,

car, or locomotive engine, and that, unless there is some rule of law requiring a more particular description than that indicated by the statutory language, the names of the persons likely to be imperiled and ownership of the train or car at which the stone was thrown are immaterial. While it is usually necessary to allege the facts even under an indictment following the language of the statute so as to show that the act of the defendant which the prosecution proposes to prove was an act forbidden by the statute, it is enough if the indictment individuates the offense, and states the material facts constituting it. If every element of the crime, as described in the statute, is charged in the indictment, it is sufficient. *State v. Dankwardt,* 107 Iowa, 704; *State v. Bauguess,* 106 Iowa, 107; *State v. Porter,* 105 Iowa, 677. The indictment in question fully described the act as that of throwing a stone at a train on the track of a certain described railroad in a specified county. It thus charged the doing of an act sufficiently described, within the statutory definition, unless the intent to injure some particular person or persons on the train or to injure the railroad company named, by doing damage to its property, was a necessary element of the offense. We think it is apparent from the language of the statute that the intention was not to punish an attempt to injure particular persons who might be upon a railroad train, or the particular railroad company owning or having possession of the train, but rather the attempt to do an act which was calculated to imperil the safety of persons upon such train. Where the offense is one prohibited out of regard to the public health or safety, it is not necessary to allege the names of specific persons and charge an intent to do injury to them.

The name of the person injured or attempted to be injured is only required to be alleged " when material." See Code, section 5289, par. 6. Neither the language of the statute describing the offense nor the nature of the offense as described suggests any materiality in the names of the per-

sons who were on the train and who might have been injured by defendant's act. Counsel for defendant argues, however, that in charging malicious mischief the name of the person to be injured by the act must be alleged, and insists that the act charged was a species of malicious mischief, basing this contention especially upon the fact that the section of the statute referred to is found in the chapter of the Code relating to "Malicious Mischief and Trespass"; but it is apparent, on examining the other sections of the chapter, that, while many of them describe acts of malicious mischief and trespass, by no means all of them are included within the offense of malicious mischief as known at the common law. Thus section 4808 provides for the punishment of any person who obstructs, defaces, or injures any public road; and clearly the rule of pleading applicable in charging malicious mischief to private property would not control in determining the sufficiency of an indictment under that section. Likewise section 4809 relates to the placing of obstructions on the track of any railroad or removing rails therefrom, etc., or doing "any other thing thereto whereby the life of any person is or may be endangered"; thus clearly indicating that the essence of the offense charged consists in the peril to the public safety involved in such acts. Again, section 4811 makes it a crime to get upon or off any locomotive engine or car of any railroad company while the same is in motion, and clearly this act was prohibited, not because it was in the nature of malicious mischief or trespass tending to injure the property of the company, but because it was thought to be calculated to bring about injury to other persons. The section last above referred to and the section which is involved in the case now before us were included in chapter 148, Acts 16th General Assembly, which was entitled "An act to diminish liability to railroad accidents and to punish interference with and injury to the property of railroad companies." Evidently it was not within the contemplation of the Legislature to limit the of-

fenses described to acts which constitute malicious mischief and trespass with reference to the property of a railroad company. The origin and history of the different provisions found in the Code may be given significance in determining their relation to each other and their construction. *State v. Fields,* 118 Iowa, 530. Acts in the nature of malicious mischief, such as wanton injury to animals and the like, have usually been construed as necessarily involving an intent to injure the owner of the animal or other property described. 2 Bishop's New Criminal Procedure, section 843; 2 Mc-Clain's Criminal Law, section 830; *State v. Deal,* 92 N. C. 802. But, where the language of the statute indicates an intention to prohibit cruelty to animals, allegations of ownership have been held to be unnecessary. *Commonwealth v. Whitman,* 118 Mass. 458; *Grise v. State,* 37 Ark. 456; *Benson v. State,* 1 Tex. App. 6; *State v. Brocker,* 32 Tex. 612; 2 McClain's Criminal Law, section 1164. So, where the crime of malicious injury to property is so described that it consists of injury to the public rather than to a specific owner, allegation of ownership is held to be unnecessary. *Owens v. State,* 52 Ala. 400; Bishop's Directions and Forms, section 727.

In construing a statute similar to the one now before us, the Supreme Court of New Hampshire has said: " If a prisoner charged with placing obstructions upon a railroad under this statute is informed by the indictment in what place the obstructions were put upon the road, the nature and character of the obstructions themselves, and the name of the railroad on which they were placed, he had all the information upon that point that is necessary for his defense "; and, being thus informed under a charge " consisting in maliciously placing the obstructions upon the road whereby the lives of the traveling public are endangered, it is immaterial for him to know to whom the road belongs or who occupies it." *State v. Wentworth,* 37 N. H. 196, 214. We believe the acts of the defendant so far as material to con-

stitute the crime described in the statute were sufficiently charged in the indictment. Even if we should think it necessary that the ownership of the train of cars at which the stone was thrown should be alleged, we should incline to the view that such ownership was sufficiently alleged in this indictment which charges that the train was on the tracks of the Chicago Great Western Railroad Company. It is a familiar doctrine that even where ownership is required to be alleged in a criminal case, an allegation of possession is usually sufficient. To say that the train was on the tracks of a certain railroad company would charge possession in the railroad company as effectually as the allegation that goods stolen were in its cars. Even in an indictment for malicious injury to the property of another, describing the property as that of a person named, it is sufficient to prove that the property was in the possession of such person, although he was not the owner. *State v. Whittier,* 21 Me. 341 (38 Am. Dec. 272).

The judgment of the trial court is therefore *affirmed.*