## N. R. HATHAWAY, Appellant, v. LOUIS BENTON, Appellee.

INTOXICATING LIQUORS: Nuisance—Delivery of Liquors—Injunction—Scope of Statute. A violation of the law governing the traffic in intoxicating liquors does not necessarily render the violator subject to an injunction. Such remedy is only authorized (Secs. 2384, 2405, Code, 1897) when the prohibited acts (a) consist of the unlawful *manufacturing* or *selling* or *keeping for sale* of intoxicating liquors and (b) are done in connection with the use of some *building* or *place*. Therefore, an expressman who, on his own account, receives liquors from the seller and delivers the same to the purchaser may not be enjoined, such liquors being for the personal use and consumption of the purchaser only.

INTOXICATING LIQUORS: Violations — Nuisance — Injunctions Only When Authorized by Statute. Violations of the law governing the traffic in intoxicating liquors do not put in motion the injunctional powers of a court of equity unless expressly so provided by statute. Therefore, if it be conceded that an expressman delivered liquors in violation of Sec. 2419, Code, 1897, no injunction may issue because no statute so provides.

INTOXICATING LIQUORS: ''Bootlegger''—Expressman—Injunction. An expressman receiving, on his own account, intoxicating liquors from the seller and delivering the same to the purchaser, with no interest or purpose in the transaction other than his charges for hire, is not a ''bootlegger'' within Section 2461-a, Sup. Code, 1913, because having no ''intent to sell or dispose of the liquors by gift or otherwise'' and therefore is not subject to injunctional restraint under Section 2461-b, Sup. Code, 1913.

*Appeal from Woodbury District Court.*—HON. GEORGE JEPSON, Judge.

### THURSDAY, OCTOBER 21, 1915.

ACTION to enjoin the defendant from maintaining a liquor nuisance. Facts appear in the opinion.—*Affirmed.*

*John F. Joseph,* for appellant.

*Kass Bros.,* for appellee.

GAYNOR, J.—This is an action to enjoin the defendant from maintaining a liquor nuisance. The allegation of the plaintiff is that the defendant had, for a long time, been engaged in transporting, delivering and aiding in the delivery of intoxicating liquors from certain express and delivery wagons in Sioux City, Iowa, contrary to and in violation of law; that he is the owner or lessee of certain vehicles, express wagons, delivery wagons and auto trucks in which the said liquor is transported or delivered; that he was, and is now, keeping, using and maintaining vehicles above described for the purpose of transporting and aiding in the delivery of intoxicating liquors in violation of law; and that he did, upon the streets of Sioux City, transport and deliver and aid in delivering intoxicating liquors, in violation of law; and that all of said acts complained of constitute and are a nuisance; and the prayer of the petition is that he be enjoined, and that the nuisance herein described be abated. The defendant denies each and every allegation of the plaintiff.

The cause was submitted on the following stipulation of facts:

"That the plaintiff is a citizen of Woodbury county, Iowa; that the defendant is engaged in the business of operating a dray and express wagon in Sioux City, Iowa, having a city license therefor, and is engaged in transporting and delivering for hire, by team and wagon, from and to various parts of the city of Sioux City, Iowa, various articles of property, and, as part of his said business in operating such dray and express wagon, has been, and is now, engaged in transporting and delivering intoxicating liquors from various liquor dealers operating under the mulct law in said Sioux City, to various and different persons, without first having been furnished with a certificate from the clerk of the court issuing the permit, showing that the consignee is a permit holder authorized to sell liquor in the county to which the shipment is made, said transportation and delivery of intoxi-

cating liquor being for the personal consumption and use of the consignee, and not intended to be sold or disposed of by gift or otherwise in violation of law. Dated this 16th day of January, 1915.''

Upon a full submission of the cause, the plaintiff's petition was dismissed, and from this he appeals.

A proper disposition of the controversy here necessitates a consideration of the statutes of this state touching the traffic in intoxicating liquors. Section 2382 of the 1913 Supplement to the Code provides for the punishment of persons unlawfully engaged in trafficking in liquors, and, so far as this controversy is concerned, reads as follows:

1. INTOXICATING LIQUORS: nuisance: delivery of liquors: injunction: scope of statute.

''No one . . . shall, for himself or any person else, directly or indirectly . . . sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in evasion of the statute, or *keep for sale*, any intoxicating liquor . . . except as provided in this chapter, or solicit, take or accept any order for the purchase, sale, shipment, or delivery of any such liquor, or aid in the delivery and distribution of any intoxicating liquor so ordered or shipped, or own, keep, or be in any way concerned, engaged or employed in owning or keeping any intoxicating liquor with intent to violate any provision of this chapter, or authorize or permit the same to be done; and any servant, employe or agent engaged or aiding in any violation of this chapter shall be charged and convicted as principal.''

Giving to this statute its fullest scope and purpose, we find that by its terms: (1) it prohibits anyone, by himself, clerk, agent or employe, from directly or indirectly manufacturing, selling, exchanging, bartering, dispensing, or giving in consideration of the purchase of any property, or of any service, or in evasion of this statute, any intoxicating liquor; (2) it prohibits anyone from owning or keeping any intoxi-

cating liquors with intent to dispose of the same in violation of the inhibition above; (3) it prohibits anyone from soliciting, taking or accepting any order for the purchase, sale, shipment, or delivery of any such liquor; (4) it prohibits anyone from aiding in the delivery and distribution of any intoxicating liquors *so ordered* or *shipped* or *owned* or *kept*.

The penalty for the violation of this statute is found in Sec. 2383 of the same Supplement. The penalty is fine or imprisonment. It makes the doing of the acts therein prohibited a crime. Not all crimes are nuisances. The acts therein prohibited are not made a nuisance by the terms of this section. The parties offending against this statute are to be proceeded against and punished according to the prescribed method for ascertaining and punishing public offenses. The offenses therein defined did not, at common law, constitute a nuisance; nor do they constitute a nuisance under the general statutes of the state. If any of the acts therein prohibited constitute a nuisance, then it must be because of some provision of the statute by the terms of which they are made to constitute a nuisance.

The plaintiff brings this action to enjoin the defendant from maintaining a nuisance. To sustain the action, therefore, it must appear that the thing which the defendant was doing, did, under the law, constitute an abatable nuisance. Traffic in intoxicating liquors, whether the act consists in selling or keeping for sale intoxicating liquors, in violation of the provisions of Sec. 2382, or whether it consists in soliciting, taking, or accepting orders for the purchase, sale, shipment or delivery of such liquors, or whether it consists in aiding in the delivery or distribution of the liquor so ordered and shipped, does not constitute a nuisance, unless the acts complained of are done in connection with the use of some building or place.

When any of the prohibited acts are done in a building or place, the building or place becomes a nuisance, and whoever erects, establishes, or continues the use of any building,

erection or place for any of the purposes prohibited by Sec. 2382, is guilty of a distinct substantive crime, to wit, the maintaining of a nuisance, and may be convicted and punished therefor.

When the existence of the nuisance is established, either by civil or criminal proceedings, the nuisance may be abated and the party maintaining the same enjoined from carrying on the prohibited business which made the building a nuisance, and this injunction not only reaches to the building, but affects also the conduct of the defendant anywhere within the judicial district.

This brings us to a consideration of the sections of the Code which make the acts prohibited by Sec. 2382 a nuisance, and authorizes the issuance of an injunction and an order of abatement.

Sec. 2384 reads as follows:

"Whoever shall erect, establish, continue or use any building, erection or place for any of the purposes herein prohibited, is guilty of a nuisance, and upon conviction shall pay a fine of not less than three hundred dollars nor more than one thousand dollars . . . and stand committed in the county jail until such fine and costs are paid."

Thus far, this statute defines a nuisance and makes the maintaining of such a nuisance punishable by fine or imprisonment. The balance of the section relates to the abatement of the nuisance. Under the first provision, one may be convicted for using a place for any of the purposes prohibited, referring, of course, to the prohibitions in Sec. 2382. The last part of the section, providing for the abatement of the place as a nuisance, says:

"And the building, erection or place, or the ground itself, in or upon which such *unlawful manufacture or sale or keeping with intent to sell,* use or give away said liquors is carried on or continues or exists, and the furniture and fixtures

. . . are also declared a nuisance . . . and shall be abated."

Sec. 2405 provides:

"Whenever a nuisance is kept, maintained or exists, as defined in this chapter, any citizen of the county may maintain an action in equity to perpetually enjoin and abate the same. . . . When an injunction has been granted, it shall be binding on the defendant throughout the judicial district in which it was issued, and any violation of the provisions of this chapter by *manufacturing, selling or keeping for sale* of intoxicating liquors anywhere in said district shall be punished as a contempt, as provided in this chapter."

Sec. 2408 provides the manner in which the nuisance shall be abated. This consists in "the destruction of the liquor, the removal from the building or place of all fixtures, furniture, vessels or movable property used in any way in conducting the unlawful business and sale thereof . . . and the effectual closing of the building, erection or place against its use for any purposes prohibited in this chapter, and so keeping it for a period of one year, unless sooner released."

Sec. 2405 is the statute which authorizes an action in equity to enjoin and abate the nuisance. The scope of the injunction can be no broader and cannot reach further than the things prohibited, and the things prohibited are those for which punishment may be inflicted in case of violation of the injunctional order.

It will be noted that Sec. 2384, in so far as it provides an injunctional remedy, reads as follows:

"And the building, erection or place, or the ground itself, in or upon which such unlawful *manufacture or sale or keeping with intent to sell,* use or give away said liquors is carried on or continued or exists . . . are also declared a nuisance, and in addition to the penalties hereinbefore affixed, shall be abated as hereinafter provided."

Sec. 2405, providing for the punishment for a violation of an injunction when issued, limits the punishment to the acts of *manufacturing, selling or keeping for sale* intoxicating liquors anywhere within the district.

Our attention, however, is called to Sec. 2419, which, it is claimed, covers the case at bar. This section provides:

2. INTOXICATING LIQUORS: violations: nuisance: injunctions only when authorized by statute.

"If any . . . common carrier or person . . . shall transport or convey to any person within this state any intoxicating liquors, without first having been furnished with a certificate from the clerk of the court issuing the permit, showing that the consignee is a permit holder and authorized to sell liquors in the county to which the shipment is made, such . . . carrier or person . . . shall, upon conviction, be fined in the sum of $100 for each offense."

The act herein prohibited does not come within the provisions of the statute authorizing an injunctional remedy. It creates a distinct, substantive offense for which punishment is provided. Offenses against the law, constituting crimes, are not the objects of injunctional remedy unless made so by statute. In the absence of any statute bringing this within the jurisdiction of a court of equity, with its injunctional powers, it cannot be placed there by the court. We do not think this statute aids the plaintiff's contention.

It is also claimed that the defendant comes within the provisions of Secs. 2461-a and 2461-b of the 1913 Supplement. These sections read:

3. INTOXICATING LIQUORS: "bootlegger": expressman: injunction.

"Sec. 2461-a. Any person who shall . . . keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquors as herein defined, *with intent to sell or dispose of the same by gift or otherwise, in violation of law, shall be termed a bootlegger.*"

"Sec. 2461-b. Every such bootlegger may be restrained by injunction from doing or continuing to do any of the acts prohibited by law."

This last section, with its subdivisions, provides for the injunctional remedy as against the party charged with the doing of the act. It does not by its terms make the doing of the act or the manner of its doing a nuisance; but, however that may be, the stipulation of facts does not bring the defendant within the inhibition of this statute. To bring one within the inhibitions of this statute, it must appear that he was carrying the liquor on his person or in a vehicle, with intent to sell or dispose of the same by gift or otherwise, in violation of law. The word "bootlegger" is pretty generally understood at this time, though the bootlegger defined in this statute is the only one we have to deal with.

This brings us to a consideration of the stipulation of facts. The facts stipulated do not bring the defendant within the inhibition of any of the statutes for which an injunctional remedy is provided, and we are clearly of the opinion that the court did not err in dismissing plaintiff's petition under this stipulation, and the cause is therefore—*Affirmed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.