M. L. DOEBLER, Plaintiff, Appellee, v. R. G. DODGE, Defendant, D. F. CAINE, Defendant, Appellant, SIOUX CITY STOCK YARDS COMPANY, Defendant.

No. 43811.

MARCH 16, 1937.

Kenneth T. Wilson, for appellant.

John F. Joseph, for appellee.

MITCHELL, J.—M. L. Doebler, a private citizen, living in Woodbury county, Iowa, some time after the enactment of chapter 93-F1 of the 1935 Code of Iowa—generally known as the Iowa Liquor Control Act—commenced this action to enjoin D. F. Caine, who operates a lunch room and beer parlor under a class "B" permit, in Sioux City, Iowa, from maintaining an alleged

liquor nuisance. The defendant, among other things, pleaded that the plaintiff was not the county attorney in and for Woodbury county and under the statutes and laws of the State of Iowa a private citizen has no right or authority to bring the action and the court was without jurisdiction to hear and determine the issues of the case.

Upon a hearing a decree of permanent injunction and order of abatement was entered, and from such decree and order the said D. F. Caine, being dissatisfied, has appealed.

The right of a private individual to maintain an action to restrain a liquor nuisance did not exist under the common law. This court, in the case of Campbell v. Jackman Bros., 140 Iowa 475, at pages 484 and 485, 118 N. W. 755, 758, 27 L. R. A. (N. S.) 288, said:

"There is no common-law or recognized equitable right in the private citizen to an injunction against threatened commission of crime or other public wrong not involving special injury to the property rights of the complainant. The subject-matter of equity jurisdiction, except when enlarged by statute, is the protection of private property and civil rights, and courts of equity will not interfere by injunction or otherwise for the prevention or punishment of criminal or immoral acts unconnected with the violation of private right. Nor will it undertake to enforce moral obligations nor the performance of moral duties. 1 High on Injunctions (4th Ed.), section 20; 6 Pomeroy's Equity, section 644; 22 Cyc., 902; Sheridan v. Colvin, 78 Ill. 237. * * *

"It required the enactment of this statute, Code, section 2405, to authorize a court of equity to enjoin the maintenance of a place of business for the sale or keeping of intoxicating liquors as a public nuisance, and, the right being of statutory origin, it may be modified or taken away by the power which created it. Except in cases brought in pursuance of this particular statute, this court has repeatedly adhered to the generally accepted doctrine that injunction will not lie at the suit of an individual to restrain a public nuisance which affects him only as one of the general body of citizens. Prince v. McCoy, 40 Iowa 533; Innis v. Railroad Co., 76 Iowa 165, 167, 40 N. W. 701, 2 L. R. A. 282; Ewing v. Webster City, 103 Iowa 226, 72 N. W. 511."

Thus we see that under the common law there was no such

right to maintain the action by an individual. But the legislature of Iowa saw fit, as it had a right to do, to give that right, and it passed section 2017 of the 1931 Code, which gave to the private citizen the right to maintain the injunction proceeding. Then the legislature passed what is designated as the Iowa Liquor Control Act.

The question is whether the passage of chapter 93-F1 of the 1935 Code of Iowa has taken away the right of the private citizen to commence a suit to restrain a nuisance.

The preamble to the Iowa Liquor Control Act, as it appears on page 38 of the Acts of the 45th General Assembly of Iowa, Extraordinary Session, is as follows:

"AN ACT to promote temperance in the state of Iowa; to create a liquor control commission; to provide for the appointment of such commission; to prescribe its powers and duties; to provide for the control by such commission of the alcoholic liquor traffic within the state of Iowa; to provide for the licensing thereof and making disposition of the revenue therefrom; to provide for an appropriation to carry out the provisions of this act; to provide for the enforcement and to prescribe the penalties for violations of this act; to provide for the confiscation and disposal of property seized under the provisions hereof; to provide for the abatement of nuisances created by the violation of this act; to provide for the appropriation of proceeds derived under this act; to provide for the audit of the commission; to provide and fix penalties for the violation of this act; and to prescribe the method of procedure; to provide that whenever the provisions of any existing laws relative hereto are or may be inconsistent or in conflict with the provisions of this act that the provisions of this act shall control and supersede such laws and providing that the passage of this act shall in no manner affect chapter thirty-seven (37) and chapter thirty-eight (38) of the acts of the Forty-fifth General Assembly, it being the intent of this act that said chapters thirty-seven (37) and thirty-eight (38), acts of the Forty-fifth General Assembly, shall remain in full force and effect as enacted or as hereafter amended."

In addition to what is set out in the preamble the Iowa Liquor Control Act expressly provides as follows:

"1921-f2. Conflicting statutes superseded. Wherever any provisions of the existing laws are in conflict with the provisions

of this chapter, the provisions of this chapter shall control and supersede all such existing laws.''

The preamble to the Iowa Liquor Control Act clearly and explicitly states that it is an act to provide that wherever any provisions of the existing laws are or may be in conflict with the provisions of the Iowa Liquor Control Act, the provisions of the Liquor Act shall control. In addition to that, the legislature enacted section 1921-f2, Code of 1935, expressly stating that where there is a conflict between the existing laws and the new law, the provisions of the Iowa Liquor Control Act shall control and supersede all such existing laws.

In the case of Smith v. Sioux City Stock Yards Co., 219 Iowa 1142, at page 1153, 260 N. W. 531, 536, this court said:

''The point is raised by the appellants that there is no repeal of the statutes under which the treasurer of Woodbury county claimed to be proceeding. We find in section 6943-c34 the following:

'' 'All laws or part of laws in conflict herewith are hereby repealed.'

''The effect of that was to so modify the provisions of that statute as to leave the ultimate authority to decide upon this question in the state board, subject, of course, to the right of appeal by an aggrieved party.

''In the case of Hahn v. Clayton County, 218 Iowa 543, 255 N. W. 695, the court had before it the question of removal of a county engineer. The statute under which the county engineer was appointed provided that the engineer should be appointed for a period of three years. There being a change in the personnel of the board, it elected a new engineer before the time had expired. The first engineer claimed he was protected by the Soldiers Preference Law, and the court held that he was. There had been an act passed after the appointment of the first engineer, somewhat modifying the statute under which he had been appointed. This act was chapter 20 of the 43d General Assembly. In commenting on this, the opinion said, on page 552:

'' 'No specific mention is made in either the preamble or in the body of the act of the statute concerning removal in the Soldiers Preference Law, nor is there any provision in said act that expressly repeals any laws or parts of laws in conflict therewith.'

"In the act under discussion here, in section 6943-c34, there was this clause:

" 'All laws or parts of laws in conflict herewith are hereby repealed.'

"So, we think this repealing clause either absolutely repealed the sections under which the treasurer claimed to have been acting, or so modified this provision that they were subject to the power granted to the state board in subdivision 9a of section 6943-c27."

Now, let us compare the old law with the new to ascertain whether they are inconsistent and in conflict, and whether the Iowa legislature, by passing the Iowa Liquor Control Act, intended to prescribe a new method for the bringing of such proceedings, by placing the matter entirely with the county attorney and by abolishing the right of an individual citizen to bring such an action.

The statutory provision giving the individual the right to bring such action, is section 2017 of the 1931 Code, which is as follows:

"2017. Action to enjoin. Actions to enjoin nuisances may be brought in equity in the name of the state by the county attorney, who shall prosecute the same to judgment, or any citizen of the proper county may institute and maintain such a proceeding in his name."

Turning now to the Iowa Liquor Control Act, we find that the legislature said in section 1921-f62, Code of 1935:

"Injunction. Actions to enjoin nuisances shall be brought in equity in the name of the state by the county attorney who shall prosecute the same to judgment."

Thus we find that in the new statute the legislature omitted the following words: "or any citizen of the proper county may institute and maintain such a proceeding in his name." Not only did the legislature omit these all-important words, but it made a very material and substantial change in the wording. In the Iowa Liquor Control Act the permissive word "may" is changed to the mandatory word "shall" and the county attorney is charged with the responsibility of bringing all proceedings to control violations by the public.

We find that section 2042 of chapter 98 of the 1931 Code provides as follows:

"Procedure. The proceeding to forfeit said abatement bond shall be commenced by filing with the clerk of the court, by any citizen of the county where the bond is filed, an application, under oath, to forfeit said bond, setting out the alleged facts constituting the violation of the terms of said bond, upon which the judge or court shall direct by order attached to said application, that a notice be issued by the clerk of the district court, directed to the principal and sureties on said bond, to appear at a certain date fixed, to show cause, if any they have, why the said bond should not be forfeited and judgment entered for the penalty therein fixed,"

while under the Iowa Liquor Control Act the legislature said, section 1921-f83 of 1935 Code:

"A proceeding to forfeit an abatement bond shall be commenced by filing with the clerk of the court, by the county attorney of the county where the bond is filed, an application under oath to forfeit said bond, setting out the alleged facts constituting the violation of the terms of said bond, upon which the judge or court shall direct by order attached to said application that a notice be issued by the clerk of the district court directed to the principal and sureties on said bond to appear at a certain date fixed to show cause, if any they have, why the said bond should not be forfeited and judgment entered for the penalty therein fixed."

Section 2049 of the old Liquor law provided as follows:

"It shall be a misdemeanor for any peace officer to delay service of original notice, writ of injunction, writ of abatement, or warrant for contempt, in any equity case filed for injunction or abatement, either by the state or a private citizen, under this chapter,"

while section 1921-f88 of the 1935 Code provides:

"It shall be a misdemeanor for any peace officer to delay service of original notices, writs of injunction, writs of abatement or warrants for contempt in any equity case filed for injunction or abatement by the state."

It is to be noted that thruout the entire Iowa Liquor Control Act the legislature has omitted and eliminated by reference

any and all rights of a private citizen which existed under the old law. In section 2042 of the old law there was a provision that proceedings to forfeit an abatement bond might be brought by any citizen of the county, but in section 1921-f83 it is provided that proceedings to forfeit an abatement bond "shall" be commenced by the "county attorney" of the county where the bond is filed. Section 2049 of the old law provides that it is a misdemeanor for a peace officer to delay service of original notice, writ of injunction, writ of abatement, or warrant for contempt, in any equity case filed for injunction and abatement, either by the state or a private citizen; while section 1921-f88 of the 1935 Code provides that it shall be a misdemeanor for any peace officer to delay service of original notices, writs of injunction, writs of abatement or warrants for contempt in any equity case filed for injunction or abatement by the "State".

Thus it seems to us that the legislature has deliberately and intentionally omitted and eliminated from the Iowa Liquor Control Act all reference to the rights of a private citizen to bring a proceeding to enjoin or abate a liquor nuisance or to do any direct act in reference thereto. The reason for this we do not know but the legislature of Iowa had the right, and, clearly, by the elimination in the new liquor law of any reference to any right of a private citizen, it has seen fit to take from the private citizen that right and to place the responsibility of the enforcement of this law upon the county attorney of the respective counties. Had the legislature wished, or intended, that a private citizen should continue to have this right, it would have been a very easy matter to have so stated. In fact, all it would have had to do was to put into the new law the very words used in the old law. In passing the Iowa Liquor Control Act the State of Iowa assumed entire control of the traffic in all intoxicating liquors. This act is a complete and comprehensive plan for regulation and control of the traffic in intoxicating liquors, centralizing control in the Iowa Liquor Control Commission, and placing the responsibility and effectiveness of the enforcement of the act upon the county attorney of every county in the State.

It therefore follows that this case must be, and it is hereby, reversed.—Reversed.

RICHARDS, C. J., and ANDERSON, PARSONS, KINTZINGER, and SAGER, JJ., concur.