FARMERS CO-OPERATIVE ASSOCIATION, Appellant, v. QUAKER OATS COMPANY, Appellee.

No. 46157.

FEBRUARY 16, 1943.

REHEARING DENIED JUNE 18, 1943.

Dunn & Danforth, of Mason City, for appellant.

Grimm, Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellee.

HALE, J.—Appellant, on October 20, 1941, filed its petition alleging that appellee, with intent to injure appellant's business and destroy, competition, had paid and was paying higher prices for grain, particularly corn, at Sheldon, Iowa, than it paid at certain other stations operated in Iowa, and that appellee had been and was selling feed at Sheldon for less than the price at which it sold the same feed at certain other stations in Iowa; that the acts complained of were in violation of sections 9885 and 9886 of the Code of Iowa, 1939; alleging irreparable and special injuries to appellant, no adequate remedy at law, and asking injunction restraining appellee from the commission of such acts. Appellee filed motion to dismiss the petition on the grounds, among other things, that the acts complained of constituted criminal acts; that the statute, chapter 432, Code of Iowa, 1939, provides an exclusive remedy for its enforcement, and that an injunction could not be granted because of such exclusive remedy. Appellee's motion to dismiss was sustained and from such ruling this appeal is taken.

Chapter 432, Code of Iowa, 1939, comprises sections 9885 to 9894 inclusive. Section 9885 relates to unfair discrimination in sales and provides that anyone who shall, for the purpose of destroying the business of a competitor in any locality, or creating a monopoly, discriminate between different sections, localities, communities, and towns by selling such commodities at a lower price or rate in one section, locality, community, or town than such commodity is sold by such seller in other sections, localities, communities, or towns, with certain allowances as to telephone service, quality, and transportation, shall be deemed guilty of unfair discrimination. Section 9886 is similar except that it relates to unfair discrimination in purchases. The sections following provide for punishment by a fine or imprisonment. Section 9889 makes contracts in violation of these provisions void. Section 9890 makes it the duty of county attorneys, in their counties, and the attorney general, to enforce the provisions of sections 9885 to 9889 inclusive by appropriate actions. Section 9891 provides that if complaint shall be made to the secretary of state of such unfair discrimination by any corporation, it shall be his duty to refer the matter to the attorney general, who may, if in his judgment the facts justify it, institute

proceedings in the courts against such corporation. Under section 9892, if any corporation is found guilty of unfair discrimination, the secretary of state shall immediately revoke its permit. Under section 9893, if such corporation continues to attempt to do business in this state, it will be the duty of the attorney general, by proper suit in the name of the state of Iowa, to enjoin such corporation from transacting business in this state. The final section of chapter 432, section 9894, provides that nothing in the chapter shall be construed as repealing any other act, or part of act, but the remedies therein provided shall be cumulative to all other remedies provided by law.

There are two principal questions raised in this case. First, under the facts pleaded, can an injunction be granted against a violation of sections 9885 and 9886, which are criminal in character? Second, if so, may it be brought by any citizen, or is the institution of such suit restricted to the county attorney or the attorney general?

I. We shall consider first the question of whether or not, under the facts pleaded, the appellant was entitled to an injunction. Many authorities are cited by appellant. As a general rule injunction will not lie to restrain a merely criminal act. The rule is so stated in 28 Am. Jur., Injunctions, 336, section 148, as follows:

"The aid of the injunctive powers of equity is frequently sought against acts of a criminal or penal character, and the availability of the remedy for such purpose is a matter which has received much judicial attention. It may be observed at the outset that equity is in no sense a court of criminal jurisdiction, and its reluctance to intervene in matters purely criminal or penal is recognized universally. Something more than a mere offense against the laws of the land is necessary to justify the exercise of its powers. There must be some interference, actual or threatened, with property or other rights which chancery will undertake to protect, or some additional element bringing the case within the domain of that court."

See, also, 1 C. J. S., Actions, 996, section 12; annotation 52 A. L. R. 79.

The courts are not uniform in the application of the general rule to the facts. Appellant cites a large number of cases which

merely exemplify the rules laid down in American Jurisprudence and Corpus Juris Secundum above cited and the general rule. All cases must necessarily depend upon the facts.

In a criminal case, State v. Standard Oil Co., 150 Iowa 46, 129 N. W. 336, it was held that the intention of the legislature was to create an offense against the public and not against any particular individual. The court held that the ultimate wrong described by the statute is that of destroying competition, not that of injuring a particular competitor. Citing State v. Leasman, 137 Iowa 191, 114 N. W. 1032. The chapter under consideration was chapter 169, Acts of the Thirty-first General Assembly (1906), which was substantially the same as the present chapter 432, except that it provided only for unfair discrimination in the sale of petroleum products. It afterward became section 5028-b of the 1913 Supplement to the Code and was extended to include all the commodities now mentioned in chapter 432 of the 1939 Code by amendment of the Forty-seventh General Assembly (chapter 222), which made no changes in the wording or effect so far as the matters here under consideration are concerned. It was originally included in the Code as a part of the criminal law, but by editorial change became a part of Title XXIII relating to trade and commerce but has remained unchanged so far as discrimination for the purpose of destroying the business of a competitor or creating a monopoly is concerned.

The statute here under consideration is criminal in character, and, as such, ordinarily a writ of injunction would not lie to restrain its violation unless the acts complained of entitle the plaintiff to some form of equitable relief other than that based solely upon violation of the statute.

Appellee cites In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092; Crawford v. Tyrrell, 128 N. Y. 341, 28 N. E. 514; and Port of Mobile v. Louisville & N. R. Co., 84 Ala. 115, 4 So. 106, 5 Am. St. Rep. 342, which, in substance, refer to the general rule heretofore set out. Daniels v. Portland Gold Mining Co., 8 Cir., Colo., 202 F. 637, 45 L. R. A., N. S., 827, certiorari denied 229 U. S. 611, 33 S. Ct. 771, 57 L. Ed. 1351, in substance holds that while a writ of injunction may be employed to protect rights of property, it should not be made a vehicle for invading the legitimate legislative province of government or a means of

establishing a system of rules for the regulation of the business of a community, nor should it be used as an ordinary supplement to the criminal laws of the state. Also cited by appellee is Motor Car Dealers' Assn. v. Haines Co., 126 Wash. 267, 222 P. 611, 36 A. L. R. 493, which holds that injunction does not lie at the suit of a private citizen against the keeping open on Sunday, contrary to statute, of a business which is competitive of his own; and that a businessman does not suffer special injury from the keeping open of a competitive business on Sunday in violation of statute so as to be entitled to maintain an action to enjoin such act as a nuisance. In Campbell v. Jackman Bros., 140 Iowa 475, 485, 118 N. W. 755, 759, 27 L. R. A., N. S., 288, which involved the violation of the intoxicating-liquor law, the court held that the sale of liquor was not a nuisance per se and that the function of courts of equity is the protection of private property and civil rights, except when enlarged by statute, and they will not interfere by injunction to prevent or punish criminal or immoral acts unconnected with the violation of a private right; nor will they enforce moral obligations or duties. Reference is made therein to the statute authorizing a court of equity to enjoin the maintenance of a place of business for the sale or keeping of intoxicating liquors as a public nuisance, and states:

"Except in cases brought in pursuance of this particular statute, this court has repeatedly adhered to the generally accepted doctrine that injunction will not lie at the suit of an individual to restrain a public nuisance which affects him only as one of the general body of citizens."

See, also, Home Sav. & Tr. Co. v. Hicks, 116 Iowa 114, 89 N. W. 103; Ewing v. City of Webster City, 103 Iowa 226, 72 N. W. 511; Moir v. Moir, 182 Iowa 370, 165 N. W. 1001; Wabash R. Co. v. Peterson, 187 Iowa 1331, 175 N. W. 523; Snouffer & Ford v. City of Tipton, 161 Iowa 223, 142 N. W. 97, L. R. A. 1915B, 173; and Hathaway v. Benton, 172 Iowa 299, 154 N. W. 474. These cases indicate that it has uniformly been held that the mere violation of the law, unaccompanied by some recognized ground of equitable relief, is not ground for injunction. But, as stated in 32 C. J. 227, section 440:

"Notwithstanding the general rule stated above, it is well

settled that where the intervention of equity by injunction is warranted by the necessity of protection to civil rights or property interests, and the inadequacy of a criminal prosecution to effect this purpose, the mere fact that a crime or statutory offense must be enjoined as incidental thereto will not operate to deprive the court of its jurisdiction.''

This, however, is a motion to dismiss, and for the purposes of the motion the facts properly pleaded in the petition will be taken as true. Appellant's petition not only alleges that the acts complained of were with the intention of injuring the business of the appellant, destroying competition and preventing appellant from purchasing grain and selling merchandise, but also alleges in general: malice, irreparable injury, and special injury to appellant different from any injury that might be sustained by the general public as the result of such acts. These are equitable grounds which may be recognized as a basis for a claim for injunction independent of the statute.

Aside from the provisions of the statute in question, this court has recognized the right of a citizen to protection from unfair competition. See Dunshee v. Standard Oil Co., 152 Iowa 618, 132 N. W. 371, 36 L. R. A., N. S., 263, and cases cited. This was an action to recover damages for unlawful interference with trade. Reeves v. Decorah Farmer's Cooperative Soc., 160 Iowa 194, 201, 205, 140 N. W. 844, 847, 848, 44 L. R. A., N. S., 1104, was an action to restrain and enjoin defendant from demanding or receiving any amount under a contract which it was claimed was monopolistic in character, invalid because in restraint of trade, and unfair because it was intended to drive all competitors from the market. The prayer was granted in part and the cause affirmed by this court. In the opinion is quoted the monopoly statute, chapter 225 of the Acts of the Thirty-third General Assembly, but the court says:

''Without reference to this chapter, monopolies have always been odious at common law, and all contracts, arrangements, or agreements in restraint of trade or of free competition are void.''

It is true that case does not cover the situation here since it referred to contracts or arrangements designed to create a

monopoly, but the right to injunctional relief is recognized therein, and the court concludes as follows:

"Next, it is contended that, conceding the arrangement and agreement is illegal [this refers to contracts of defendant with its customers], plaintiff is not entitled to an injunction to restrain the defendants from carrying it out. It seems to us that plaintiff has suffered a wrong and that he is threatened with further injury to his business, growing out of defendant's illegal acts. In virtue of his being a competitor with the defendant association, he has the right to free and untrammeled competition with it, and if through illegal means he has been made to suffer in the past, and will do so in the future, he is entitled to the protective arm of the court." Citing Bear v. City of Cedar Rapids, 147 Iowa 341, 126 N. W. 324, 27 L. R. A., N. S., 1150. "If, for no other reason, he is entitled to an injunction to avoid a multiplicity of suits. In at least two cases it has been held that one circumstanced as plaintiff may maintain an action to enjoin the illegal acts." Citing Jackson v. Stanfield, 137 Ind. 592, 36 N. E. 345, 37 N. E. 14, 23 L. R. A. 588; Employing Club v. Blosser Co., 122 Ga. 509, 50 S. E. 353, 69 L. R. A. 90, 106 Am. St. Rep. 137, 2 Ann. Cas. 694.

Boggs v. Duncan-Schell Furniture Co., 163 Iowa 106, 143 N. W. 482, L. R. A. 1915B, 1196, was a law action involving unlawful competition not brought under this nor any criminal statute. The plaintiff was a sewing-machine agent and the defendant a retail merchant in the same city, and defendant, for the purpose of injuring plaintiff in his business, wrongfully and maliciously advertised to the public that it would sell the same machines handled by the plaintiff at half the price for which plaintiff was offering them for sale; and plaintiff alleged that the sole purpose of the defendant in so doing was to ruin plaintiff in his business. A verdict for the plaintiff was sustained by this court. See cases cited therein. In Beardsley v. Kilmer, 236 N. Y. 80, 140 N. E. 203, 27 A. L. R. 1411, the annotator in American Law Reports cites and quotes from the Boggs case and the Dunshee case, supra.

It seems to us apparent from the rule laid down by the foregoing authorities that this court has sustained the right to a

recovery or to equitable relief, even where a statute such as the statute here referred to makes the acts complained of a crime, where there is pleaded and established injury to the plaintiff different from that sustained by the general public. In the present case the facts entitling the appellant to equitable relief are fully pleaded, and as such, for the purpose of a motion, may be taken as true. We think that appellant has set out a cause of action such as entitles him to a hearing thereon in court. We find our answer to the first question in issue must be that if the facts sustain the allegations of the petition such injunction can be granted.

II. The second question, May it be brought by any citizen? presents a different question. Appellee argues that the remedies provided in chapter 432 of the Code are exclusive and that a private litigant has no right to institute suit to enforce any of the provisions of said chapter.

It was held in Iowa in the recent case of Doebler v. Dodge, 223 Iowa 218, 272 N. W. 144, an action in equity involving violation of the liquor law, brought by plaintiff as a private citizen to enjoin defendant from maintaining an alleged liquor nuisance, that the right to bring such action was exclusive in the officers entrusted with that duty. In that case, however, there was no question as to the right to equitable relief on the part of a citizen who had sustained an injury separate and apart from the general public, and no other issue involved than the violation of the law. The doctrine laid down in the Doebler case does not deprive the citizen of his right to either damages or some other form of relief for his personal or individual injuries. We think our ruling under Division I herein, in which we hold that the individual has a personal cause of action for the injuries suffered by him individually, also gives him the right to bring such action as a natural sequence.

III. Our holding under the first two divisions herein renders it unnecessary to discuss appellant's contention that remedies other than criminal may be invoked to carry out the provisions of chapter 432, referring to the final clause thereof which states that the provisions of said chapter shall not interfere with other remedies. Since we hold that he has both the right to such action on his own behalf, and to institute such action, considera-

tion of the final clause of the unfair-competition law is unnecessary.

Our holding must be that the motion to dismiss should have been overruled, and the cause is therefore reversed.—Reversed.

GARFIELD, C. J., and MILLER, OLIVER, MULRONEY, BLISS, SMITH, and MANTZ, JJ., concur.