182 So.2d 17 (1965)
SYFO WATER CO., Inc., a Florida corporation, Appellant,
v.
Boruch CHAKOFF, a/k/a Ben Chakoff, d/b/a Ben's Seltzer and/or Miami Healthy Seltzer, and/or Ben's Seltzer, Inc., a Florida Corporation, d/b/a Ben's Seltzer and/or Miami Healthy Seltzer, Joseph J. Consula, Jr., Melvin Kestenbaum, Appellees.
No. 65-477.
District Court of Appeal of Florida. Third District.
November 9, 1965.
Rehearing Denied January 25, 1966.
Bernard Berman, No. Miami Beach, for appellant.
Rothstein & Tumin, Miami, for appellees.
Before CARROLL, BARKDULL and SWANN, JJ.
SWANN, Judge.
Appellant, Syfo Water Co., Inc., a Florida corporation, by this interlocutory appeal seeks review of an order enjoining it from selling seltzer in a particular area at a lower price than sold by it elsewhere, which was a violation of Section 540.01, Florida Statutes, F.S.A.
Appellant and appellees were competitors in the field of distribution and sale of seltzer and soda water. Appellant filed a complaint alleging that the appellees commenced a course of conduct, whereby they stole the appellant's employees and customers and sought equitable relief by virtue of these alleged acts. Pursuant thereto, a temporary injunction was issued. Thereafter the appellees filed an answer and counterclaim alleging a violation of Section 540.01, and the Federal Code, prohibiting discriminatory price practices in the same community, and seeking a temporary injunction to prevent appellant from further price discrimination and price cutting in violation of the law.
Subsequently, both appellant and appellees were temporarily restrained from any unfair discrimination and unfair competition as *18 prohibited by Section 540.01. Appellees thereafter filed a petition for a rule to show cause. At the hearing, the court had before it a transcript of its earlier hearing where it was brought out that the appellant was selling seltzer for eight cents a bottle in the same area in which the appellees were doing business, while selling the same seltzer for fifteen cents elsewhere in the community. The order enjoining appellant from engaging in unfair price discrimination in violation of the statute is the subject of this appeal.
The statute in question recites, inter alia:
"540.01 Unfair discrimination and competition prohibited; definition of commodity. 
(1) Any person doing business in the state, and engaged in the production, manufacture, sale or distribution of any commodity in general use, that shall, for the purpose of destroying the business of a competitor in any locality, * * *." (Emphasis added.)
* * * * * *
The record reflects the following testimony from the deposition of Charles Schussler, President of the Appellant:
* * * * * *
"`Q. Now, my question was: Because, as you said, he was attempting to destroy your business, is it not a fact that you feel and you wanted, through reducing your price, to take back your customers, take away his customers, to teach him a lesson and destroy his business?'"
"`A. No, I don't want  Let me say this. It has never been my policy, nor is it now, nor will it ever be my policy, to attempt to interfere with another man's livelihood with a view to destroying that livelihood.'"
"`Q. Unless he is interfering with you?'"
"`A. But any man that attempts by foul means  not fair means now, mind you, but by foul means attempts to destroy my livelihood, I will do everything within my power consistent with honest and fair and lawful means to cause him to cease and desist.'"
"`Q. And, if necessary, if he doesn't cease and desist, destroy his business?'"
"`A. No, I will never want to destroy his business because  simply because he attempts to destroy my business it wouldn't cause me to do like he does. I have been brought up and I have conducted myself in a clean, ethical way all my life, and I will not change because anybody else is other than that. That is my philosophy.'"
* * * * * *
The evidence in the record does not establish that the appellant was guilty of price discrimination "for the purpose of destroying the business of his competitor."
For the reasons stated, the decision is therefore
Reversed.

ON PETITION FOR REHEARING
SWANN, Judge.
The appellees' petition for rehearing complains that the opinion is based on an isolated portion of a deposition of the President of the appellant.
It must be pointed out that the violation of Section 540.01, Florida Statutes, F.S.A., is criminal in nature in that the penalty for the violation of that Section is a fine of not more than five thousand dollars or imprisonment in the county jail, not to exceed one year.
Generally, injunctive relief will not lie to restrain a criminal act unaccompanied by some recognized ground of equitable relief. This court also recognizes that where intervention of equity is warranted to protect civil rights or property interests and where criminal prosecution is *19 inadequate to effect this purpose, a crime or statutory offense may be enjoined. A court of equity then will not be deprived of jurisdiction to grant such relief. Farmers Co-operative Ass'n v. Quaker Oats Co., 1943, 233 Iowa 701, 7 N.W.2d 906; See generally: Annot. 90 A.L.R.2d 7, 89.
Here, the evidence in the record that was brought before us was insufficient to establish that the appellant was guilty of price discrimination "for the purpose of destroying the business of his competitor." Thus, jurisdiction of the equity court to grant such injunctive relief was not established.
The petition for rehearing is therefore denied.